## HENRY PATRICK v. THE STATE.

### No. 2823. Decided February 10, 1904.

**1.—Local Option—Impaneling Jury.**

In the impanelment of the jury in a local option case, the appellant should be permitted to ask the jurors if they had such prejudice against a person who from his occupation or surrounding at the time might be suspected of being in a position to enable him to violate the local option law, that might influence their action as jurors.

**2.—Evidence—Hearsay.**

What was said and done between the parties at the time of the delivery of the bottle claimed to be intoxicating liquor was part of the res gestae, but the conversation between persons, which caused them to go to where appellant was, and had in his absence, with reference to getting whisky, was inadmissible.

**3.—Same—Irrelevant Matters.**

The appellant could not be permitted to show that others who might be equally guilty with him of violating the local option law, if he was guilty, were not indicted, although investigation was made as to them; or that the grand jury who made investigation failed to find that any drunkenness occurred at the saloon where appellant was on the day of the offense.

**4.—Same—Incidental Employment.**

One charged with a violation of the local option law should be permitted to show the character of his employment at a saloon, to wit, that he was incidentally there and had no authority to make sales of intoxicating liquors and receive money for the same.

**5.—Charge of the Court—Intoxicating Character of Liquor.**

Where the testimony was conflicting as to the intoxicating character of the liquor alleged to have been sold, the court should have submitted to the jury a special charge requested by the defendant embodying this phase of the evidence.

**6.—Same—Mistake of Fact.**

When the evidence raises the issue of a mistake of fact in any prosecution for crime, except where the statute directs otherwise, the court should submit the same; and if the court is requested to charge on this phase of the facts in a local option case, it is error not to submit this question to the jury. Overruling Penn v. State, 43 Texas Crim. Rep., 608; Williams v. State, 8 Texas Ct. Rep., 709.

Appeal from the County Court of Ellis. Tried below before Hon. Lee Hawkins.

Appeal from a conviction for violating the local option law; penalty, a fine of $25 and confinement in the county jail for twenty days.

The opinion states the case.

*W. H. Fears,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $25 and twenty days confinement in the county jail.

In the impanelment of the jury, appellant proposed to ask the jurors if they had such prejudice against a person, who, from his occupation or surrounding at the time, might be suspected of being in a position to enable him to violate the local option law, that might influence their action as jurors. Appellant said he expected to prove that they did have such prejudice. We think the investigation should have been permitted. The answers of the jurors might have at least furnished some information to appellant by which he could more intelligently exercise his peremptory challenges.

We think it was competent for the State to show what was said and done between the parties at the time of the delivery of the bottle claimed to be intoxicating liquor. It was a part of the res gestae of the transaction and was calculated to shed some light on it. We do not believe it was admissible to prove what occurred between Dick Turner and the prosecutor Brooks that caused them to go to the cold storage where appellant was at work. This was a conversation in the absence of appellant and was calculated to prejudice him, inasmuch as it was a conversation between said purchaser and Dick Turner as to their expectation of getting some whisky at Pridmore's, where the alleged offense occurred.

Nor was it admissible on the part of appellant to show that others, who might be equally guilty with appellant, if he was guilty, were not indicted, although an investigation was made as to the conduct of such other parties.

Nor was it competent to prove that investigation was made by the grand jury and they failed to find that any drunkenness occurred at said Pridmore's saloon, or that could be traced to said Pridmore's saloon on the day of the show, being the date of the alleged offense.

In our opinion appellant should have been permitted to show the character of his employment at Pridmore's saloon, to wit: that he was incidentally there, having been employed on that day to wash bottles, and that he had no authority to make sales and receive money for the same; that he was simply a servant, and that what he did was merely at the instance of one of the clerks (Tune), to take the bottle in question to the alleged purchaser, and receive the money from him, and turn it over to Tune. We are not prepared to say that the circumstances connected with this transaction, thus referred to, together with other circumstances in proof, might not have constituted appellant the seller; but still the testimony should have been admitted and the question left to the jury under appropriate charges as to whether or not he was such seller.

It occurs to us that the court should have given appellant's second requested special instruction; that is, that before appellant could be convicted, the proof must show that he sold to the prosecutor spirituous, vinous or malt liquor of an intoxicating character. True, the State proved by its witnesses that it tasted to them like whisky, and that in

their opinion it was whisky; but, on the other hand, there was proof showing that the employer of appellant was only engaged in selling cider and nonintoxicating cold drinks; but that some time previous he had received some tablets, which when placed in water produced a drink or beverage that tasted very much like whisky, but did not contain any alcohol. According to the witnesses it contained pepper and cocaine, and maybe some other ingredients. And it was suggested in the evidence that possibly one of these bottles that had been left on the shelf may have been handed out by Tune to appellant, who gave it in turn to the prosecutor Brooks. To meet this phase of the evidence, appellant was entitled to a charge on this subject.

Appellant also excepted to the charge of the court for its failure to instruct the jury on mistake of fact, insisting that the evidence required such a charge on that subject; although this court has decided this question otherwise, yet the decisions are against our statutes on the subject, and the generally received doctrine as to all other crimes. It is conceded that the cases of Penn v. State, 43 Texas Crim. Rep., 608, and Williams v. State, 8 Texas Ct. Rep.; 709, are directly against this contention; but it is urged that these cases violate our statute and are not founded upon correct legal principle, and so should be overruled. We believe the doctrine appellant asserts is sound, and that article 46, Penal Code, which says, "No mistake of law excuses one committing an offense, but if a person laboring under a mistake as to a particular fact shall do an act which would otherwise be criminal, he is guilty of no offense," is applicable to all offenses, unless it be that such offenses are taken out of the statute by some special provision of the law. Certainly, if it is applicable to a murder case, and a party charged with that crime could shield himself under a mistake of fact, it ought to be at least equally applicable to a sale of whisky under a mistake of fact. Mr. Bishop, in his work on Criminal Law, vol. 1, sec. 303, says: "The wrongful intent being the essence of every crime, it necessarily follows that whenever one without fault or carelessness is misled concerning facts and thereon acts as he would be justified in doing were they what he believes them to be, he is legally innocent the same as he is innocent morally." And in his work on Statutory Crimes, he says: "There is no difference between a mistake of fact as to the sale of intoxicating liquor and other crimes. It applies likewise to the question of the intoxicating quality of the liquor sold, but there are cases in denial of this." So that, whatever may have been heretofore held in the cases referred to, and others holding the same views, such cases are hereby overruled.

In this case, the appellant's theory, which the evidence of himself and other witnesses tends to support, shows that he was not a regular employe at Pridmore's place of business, but that he was employed there that day, it being a day in which a show was in town, and his employment was for the purpose of cleaning up and washing bottles. The proof further tended to show on his behalf that, since local option had gone into effect, which was a day or two before, the owner did not sell intoxicating

drinks, but sold cold drinks and nonintoxicating beverages merely. That appellant was not permitted to go behind the bar or make any sales; that, standing on the outside, he was asked by the prosecutor to get him a bottle of something to drink. Appellant told him he could get what the others were getting. Prosecutor gave him a dollar, and he brought him a bottle of some liquid, and handed it to him, and brought him back fifty cents in change; that appellant had no idea that it contained whisky, but thought it was cider. As stated before, there was some evidence that this bottle might have contained some of the liquid made out of the tablet of pepper and cocaine; that it might have been handed out by appellant to Tune instead of a bottle of cider. Under this view of the case, it appears to us that appellant was entitled to a charge on mistake of fact. If he was indeed the seller and represented Tune in the transaction he may have been the innocent agent of Tune, if the liquid sold was intoxicating, although Tune may have had knowledge that it was intoxicating; or if Tune intended to hand out cider, and handed out instead by mistake intoxicating liquor; of course, under such circumstances he must have used, so far as he was concerned and so far as appellant was concerned, due caution to avoid any mistake. We are not holding there is not other testimony in the case which might authorize a conviction; but we are holding that, so far as this question is concerned, appellant had a right to have the court give a charge predicated on mistake of fact.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Brooks, Judge, dissents