## P. H. McRoberts v. The State.

No. 3326.   Decided February 7, 1906.

**1.—Local Option—Continuance.**

Where upon trial for a violation of the local option law 'defendant's motion for a continuance showed due diligence and that the testimony of the absent witnesses was upon the question of whether the alleged beverage was intoxicating, the same should have been granted.

**2.—Same—Charge of Court—Remarks of Judge—Non-Intoxicant.**

On a trial for violating the local option law where the evidence showed to some extent that the beverage was non-intoxicating, it was improper on the part of the judge to animadvert upon the testimony, and to refuse to give special charges on this phase of the case.

**3.—Same—Evidence—Other Transactions.**

Upon a trial for a violation of the local option law where the issue was raised as to whether the alleged beverage was intoxicating, there was no error in the admission of other sales of the alleged beverage and its effect upon other witnesses, but it was not competent to show that a beverage different from the one alleged in the indictment was intoxicating.

Appeal from the County Court of Jack. Tried below before Hon. Sil Stark.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

Remarks of the judge to the jury were as follows: "I do not think

the evidence of intention and good faith and as to his knowledge of whether or not it would intoxicate makes any difference and was inadmissible," to which the counsel for defendant objected.

The opinion states the case.

*H. P. Jones* and *Nicholson & Fitzgerald,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of violating the local option law, and his punishment assessed at confinement in the county jail for twenty days and a fine of $25; hence this appeal.

Appellant insists that the court erred in refusing to grant him a continuance. The application is based on the absence of the witnesses Foreman, Blair and Williams, residents of Clay County, and Prewitt, a resident of Jack County. The application shows that process was duly served on the Clay County witnesses, and especially on the witness C. C. Foreman, but had not been returned into court. In regard to this absent testimony it is shown, as follows: That the State would prove by the witness Brantley that the Teeko Bitters bought by Kelly were drunk in part by him; that he (Brantley) also bought a bottle, and that said bitters were intoxicating; that it intoxicated him; that he did not drink any whisky in connection with said bitters, and he became intoxicated solely from drinking said bitters. Defendant shows that he expected to prove by Foreman that State's witness Ballard left his home on the day he claims to have been intoxicated from Teeko Bitters, in a state of intoxication; and that he (Ballard) at that time had in his possession alcohol, and had been drinking it, and that if he became intoxicated on said date, he became so by reason of drinking said alcohol, and not the medicated bitters. Further that appellant can prove by witness Foreman that he had drank said Teeko Bitters sold by appellant in quantities that could be practically drank, and said Bitters did not intoxicate him in any wise and were not intoxicating. It occurs to us that, in view of the State's case, this testimony became material. Kelly, the party whom it is alleged the Teeko Bitters were sold to, testified directly that the same did not intoxicate him; that he drank about the same quantity that Brantley drank, and he felt no effect from the Bitters, but drank some whisky in connection therewith which did make him drunk. Brantley testified that he admitted to appellant that the bitters did not make him drunk, but that it was whisky he got from the Morrow boys that made him drunk. While admitting this on the stand, he swore that such was not true; that he merely told appellant this for fear he would not sell him any more bitters. Appellant also proved by a number of witnesses, the admission of Brantley that Teeko Bitters did not make him drunk. In view of this testimony it occurs to us that any evidence that would show Brantley got whisky or alcohol from other sources and drank it, and became drunk therefrom, was admissible in evidence on behalf of appellant.

Appellant also insists that the court committed an error in refusing to give his special requested instruction on mistake of fact. We believe that there was sufficient evidence in the case to have required a charge on this subject. Appellant proved by a number of witnesses that the bitters were not intoxicating, and in addition proved that they were sold to him as a non-intoxicant, and that he saw a test made at the time he purchased the same which indicated that said bitters were non-intoxicants. We think some of the charges asked by appellant on this subject were properly drawn and should have been given. Patrick v. State, 78 S. W. Rep., 947; Mayne v. State, 86 S. W. Rep., 329; Uloth v. State, 87 S. W. Rep., 822. Furthermore, we do not believe the court was authorized to make the remark in connection with the offering of testimony on this subject, which the bill of exceptions shows he did make.

We understand appellant objected to the introduction of other sales of Teeko Bitters and its effect on other witnesses. We think this character of testimony was competent to show whether or not Teeko Bitters was intoxicating. Taylor v. State, 49 S. W. Rep., 589. Of course, before such testimony could be introduced, the State should be required to show that it was the same character of bitters involved in this prosecution. As to the drinking of whisky and alcohol in connection with Teeko Bitters, if we understand appellant objected to that, we are at a loss to see why, because if the proof showed that the bitters drunk in reasonable quantities as the human stomach would hold, would not of itself intoxicate, but that the intoxication arose from the use of alcohol, or whisky, in connection therewith, in our opinion it would be a good defense; for the proof must show the fact that the liquor or beverage alleged to have been sold must of itself be an intoxicant. It was not competent for the State to prove by M. Gowen that bitters not shown to be Teeko Bitters were intoxicating. A number of other errors are pointed out, but we do not deem it necessary to discuss them.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*