### WES MARTIN v. THE STATE.

No. 87. Decided October 27, 1909.

**1.—Selling Liquor on Election Day—Non-Intoxicant.**

Where, upon trial of selling intoxicating liquors on election day, the issue made was in respect to the intoxicating quality of the liquor sold, the court erred in refusing defendant's requested charge submitting this issue, although the same was not in every respect accurate. Following Walker v. State, 50 Texas Crim. Rep., 495, and other cases.

**2.—Same—Evidence—Non-Intoxicant.**

Upon trial of selling intoxicating liquors on election day, the court erred in excluding testimony which bore directly on the non-intoxicating qualities of the alleged liquor.

Appeal from the County Court of Montague. Tried below before the Hon. A. W. Ritchie.

Appeal from a conviction of selling intoxicating liquors on election day; penalty, a fine of $200.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—The appeal in this case is prosecuted from a conviction had in the County Court of Montague County for selling intoxicating liquors on election day.

The only issue made in the case was in respect to the intoxicating quality of the liquor sold. The sale was admitted. W. G. Bralley, sheriff of the county, testified that on the 12th day of December, 1908, he bought six bottles of liquor which appellant told him at the time was frosty; that he took them home, and the next morning drank five bottles of them and that they intoxicated him so that he could hardly walk. Appellant testified that he sold the six bottles to Mr. Bralley, as stated by him; that the liquor was straight frosty and warranted to be non-intoxicating. That he had seen people drink as many as a half dozen bottles many times, and that it never intoxicated him or any one else. That he had told the wholesale men he wanted nothing that could not legally be sold in local option territory.

1. In this state of the record appellant requested the court to charge the jury as follows: "You are further instructed that if a person laboring under a mistake as to a particular fact, shall do an act which would otherwise be criminal, he is guilty of no offense, unless he was guilty of a degree of carelessness or negligence which the law regards as criminal, and in this case if you believe from the evidence that the defendant in this case was mistaken as to the character of the goods he so sold, if he sold any as alleged, and that he believed, and had reasons to believe that the same was not intoxicating, then in that event you will acquit the defendant." While the evidence is slight on the issue of honest mistake of fact, nevertheless it was sufficient to raise the issue, and under the authority of numerous cases of this court this issue should have been submitted. We do not desire to be understood as holding that the requested charge was in every respect accurate as applied to the facts in evidence, but it was undoubtedly sufficient to have called the attention of the court to the matter, and, in substance, at least, should have been given. See Walker v. State, 50 Texas Crim. Rep., 495; Patrick v. State, 45 Texas Crim. Rep., 587; 78 S. W. Rep., 947; Mayne v. State, 48 Texas Crim. Rep., 93; 86 S. W. Rep., 329; Uloth v. State, 48 Texas Crim. Rep., 295; 87 S. W. Rep., 822; McRoberts v. State, 49 Texas Crim. Rep., 288.

2. Again, there was error in the action of the court in excluding the testimony of J. T. Stallings offered by appellant. Stallings, the bill shows, was justice of the peace of Bowie precinct in Montague County, and had been for some ten years. He testified that he was acquainted with appellant's place of business, and had drank a great deal of the frosty through the past summer and up to the time his place closed. Thereupon, he was asked how much he had ever drank and whether or not it was intoxicating. To this question and the answer sought to be elicited thereby counsel for the State objected, and the court sustained the objection and refused to let the answer go to the jury. The witness would have answered, as the bill recites that he drank as many as six or eight bottles a day many times and that it was non-intoxicating. It seems too clear for discussion, as the matter is presented, that this testimony was admissible, and on another trial should be received.

For the errors pointed out the judgment is reversed and the cause is remanded.

*Reversed and remanded.*