### TOM LONG v. THE STATE.

No. 314. Decided January 19, 1910.

**Sunday Law—Hearsay Evidence—Blind Tiger.**

While it was competent for the officer to have identified the place shown him by the witness, as that where the latter obtained the liquor on Sunday, yet conversations and details as to what witness did in getting the liquor out of a

"blind tiger," in the absence of the defendant, was inadmissible. Following Newman v. State, 55 Texas Crim. Rep., 376, and other cases.

Appeal from the County Court of McLennan. Tried below before the Hon. Tom L. McCullough.

Appeal from a conviction of violating the Sunday law; penalty, a fine of $25.

The opinion states the case.

*O. L. Stribling,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was charged and on hearing was convicted in the County Court of McLellan County, on March 5, 1909, of selling whisky on Sunday in violation of law.

It was shown by the testimony of one Richard Todd that he was in Waco on August 9, 1908, having arrived that day on an excursion train; that about three o'clock that afternoon he went to a shed in an alleyway, where there was a hole about eight or nine inches square, down near the ground in the back end of a building next to the alley, and knocked and heard someone answer on the inside; that he then said, "I want a bottle of gin," and stuck twenty-five cents in the hole, and in about a minute a bottle of gin was handed out to him through the hole. He did not know who it was nor did he recognize appellant. Appellant denied the sale or having any knowledge or connection with it, or that the place where the gin was received was any part of the saloon building where his employer carried on his business. He testified further that a few days before this that a policeman, whose name he gave, had brought an old negro by the name of Bates, whom he found sick and disabled, and had put him in one of these rooms.

Over the objection of appellant the State was permitted to prove that when the officer took the bottle from Richard Todd he asked him where he got the bottle of gin; that he said he did not know, but took him to the back end of Clark's saloon, and told him that that was where he got the gin, and showed him how he got it, and where he put the money; that he stated he put the money in a hole in the wall, and showed him the hole. This was objected to as hearsay, immaterial and irrelevant, not binding on defendant, and because defendant was not present at the time of the making of such statements by the said Richard Todd to this witness. It would have been competent for the officer to have identified the place shown him by the witness. The conversation and details of the matter testified to in appellant's absence would not be admissible. We think this case comes clearly within the rule laid down by the following authorities: Newman v. State, 55 Texas Crim. Rep., 376, 116 S. W., 1156; Gorman v. State, 52 Texas Crim. Rep., 327, 105 S. W. Rep., 200; Trinkle v.

State, 52 Texas Crim. Rep., 42, 105 S. W. Rep., 201; Efird v. State, 44 Texas Crim. Rep., 447; Patrick v. State, 45 Texas Crim. Rep., 587, 78 S. W. Rep., 947.

We feel in addition to this that we should say that under the facts as here presented it may well be doubted whether the verdict is supported by the evidence.

For the error pointed out the judgment is reversed and the cause is remanded.

*Reversed and remanded.*