BARNES v. STATE. (No. 3201.)

(Court of Criminal Appeals of Texas. June 26, 1914.)

1. CRIMINAL LAW (§ 595*)—CONTINUANCE—MATERIALITY OF TESTIMONY OF ABSENT WITNESS.

Where, on a trial for selling intoxicating liquor in prohibition territory, witnesses for the state claimed to have purchased liquor from accused in his restaurant, it was error to deny a continuance because of the absence of his wife and another witness, who would have testified that they helped to carry on the business of the restaurant and that no intoxicating liquor could have been about the premises without them knowing it, that he was not engaged in selling intoxicating liquor, that no such liquor was kept about the premises, that he had not been absent from his home town to any place where such liquor could be purchased, that no such liquor had been shipped or carried to him or received or stored by him anywhere about the premises, and that he had no premises or storage in his custody, but that he kept and sold publicly nonintoxicating cider; it appearing that his diligence was sufficient.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1311, 1323–1327; Dec. Dig. § 595.*]

2. JURY (§ 131*)—EXAMINATION OF JURORS—RIGHT TO EXAMINE.

While counsel should not be permitted to fritter away the time of the court in asking useless questions of the jurors, accused's counsel was entitled to a list of the jurors and to ask each juror separately any question tending to show whether he had formed an opinion or had any bias or prejudice and should not have been required to address his questions to the jury as a whole.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 561–582; Dec. Dig. § 131.*]

Appeal from District Court, Young County; Edgar Scurry, Judge.

Cleve Barnes was convicted of selling intoxicating liquor in prohibition territory, and he appeals. Reversed and remanded.

C. W. Johnson and A. L. Brantley, both of Graham, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was prosecuted and convicted of pursuing the business or occupation of selling intoxicating liquors in prohibition territory, and his punishment assessed at two years' confinement in the penitentiary.

The evidence fully supports the verdict, and if the evidence for the state should be believed by the jury, as they evidently did, it would show conclusively that appellant was pursuing the occupation of selling intoxicating liquors in prohibition territory.

The first question presented is a most serious one. All the witnesses testify that appellant was running a restaurant in Graham, Young county, from about the 15th day of September, 1913, until the 1st of last January. Seth Mabry testified that he had bought as many as 15 drinks from appellant in his restaurant across the counter; that the price was 20 cents a drink; that it tasted something like whisky. O. W. McBrayer testified he bought two pints of whisky from appellant, the price being $1 a pint; that the whisky was behind a trunk in the restaurant. N. A. Copeland testified he had purchased four pints of whisky from appellant, paying him $1 a pint. The purchases were made at different times. E. Stovall testified he purchased one pint from appellant and paid him $1 for it. F. M. Christian testified he purchased a pint of whisky from appellant, and other witnesses so testified.

[1] Appellant filed his first application for a continuance on account of the absence of his wife, who had been duly summoned; diligence being shown. The affidavit of Dr. Terrell is attached to the application, who swears that Mrs. Barnes, about two weeks before the date the case was called for trial, had been confined and given birth to twins; that she was sick and unable to attend court. He also had process issued for Miss Cora Barnes, but the process had not been returned at the date the case was called for trial. He states his wife and Miss Barnes will swear:

"The defendant can prove by his wife that defendant moved to Graham and took charge of a restaurant business about the middle of September, 1913, and continued the same to the last of December, 1913, when he sold out the business to Mr. Taylor. That during that time his only business, occupation, and calling was a restaurant and eating house. That the defendant was not in any way engaged in the occupation and business of selling intoxicating liquor in Young county, Tex. That he kept his family in the same building with his restaurant and the witness helped to carry on the business of restaurant. That no intoxicating liquor was kept about the premises. That defendant had not been absent from his home town to any place where intoxicating liquor could be purchased during his residence in Graham. That no intoxicating liquor had been shipped to him or received by him or carried to him, or stored by him anywhere about the premises, and the defendant had no other premises or storage in his custody during the time he conducted the restaurant business. That it was impossible for him to have had intoxicating liquor about the premises and said witness not know it. That Cora Baldwin was a helper, also residing at the place and lived with his family, and also knows that defendant was not engaged in the

occupation and business of selling intoxicating liquors and knows the facts that his wife knows as to the character of the business carried on by the defendant and will so testify. The said witnesses, Barnes and Baldwin, further knew that defendant kept for sale a nonintoxicating cider, shipped in by the keg, cask, or barrel, and sold over the counter publicly. That it was sold by the drink or by the bottle, as customers desired, and that beverage was not intoxicating."

It is thus seen this testimony was very material to his defense. The state's witnesses say they purchased the liquor in this restaurant, and he swears in the application that the two ladies will testify that no whisky was kept in the restaurant or sold by appellant in the restaurant; that they both stayed in the restaurant. We cannot tell what weight the jury would give to such testimony; but, the issue being whether or not appellant did sell to the state's witnesses whisky in this restaurant, his diligence being sufficient the testimony is of that material nature that he was entitled to have his application for a continuance (it being the first application) granted, and the court erred in overruling it.

[2] While not presented in a way which we would feel authorized to reverse the case on account thereof, yet, as the case will be reversed, we feel that the court perhaps abridged appellant's counsel's right to question the jurors too much. His counsel contends that he was a stranger in the county, and he desired to question each juror as to his bias and prejudice in the matter and knowledge of the facts. The court declined to allow him to examine the jurors individually, and required him to address his questions to the jury as a whole, refusing to permit him to have a list of the jurors while conducting the examination. Of course, counsel should not be permitted to fritter away the time of the court in asking useless questions; but counsel, we think, was entitled to have a list of the jurors, and ask each juror any question which tended to show whether or not he had formed any opinion in the case, or had any bias or prejudice against the defendant. We have said this much so that this matter will not occur on another trial.

The court did not err in refusing to quash the indictment, as the form was specifically approved in Mizell v. State, 59 Tex. Cr. R. 226, 128 S. W. 127, and the other matters presented in the record show no error; but, on account of the error of the court in refusing to grant a continuance, the judgment is reversed, and the cause remanded.