EX PARTE TOM CROW.

No. 5786.   Decided June 2, 1920.

Rehearing granted April 6, 1921.

**Habeas Corpus—Bail—Practice on Appeal.**

Where, pending the application for bail, the relator was convicted, the reasons for the application for bail ceased, and this court would be power-less to grant bail under the circumstances; however, it appearing subse-quently under relator's application for rehearing that the judgment of the lower court was reversed and the cause remanded, said application for bail is considered and the judgment of the lower court denying bail is affirmed.

Appeal from the District Court of Bexar.   Tried below before the Honorable W. S. Anderson.

Appeal from a *habeas corpus* proceeding denying bail.

The opinion states the case.

*Mauermann & Hair* and *Will Gloves* and *P. Hull,* for appellant.

*R. H. Hamilton,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—On a former day of the term this case was submitted.   Since its submission appellant has been tried and convicted in the District Court as shown by the certificate of the clerk of that court.   From that conviction he has prosecuted an appeal to this court.   The reasons for the application for bail have ceased by reason of the conviction.   Appellant's case is now to be disposed of under the conviction, and the questions arising on appeal under that conviction.   It seems relator was put on trial only a few days after this application was presented to this court.   This court would be powerless to grant bail under this application under the circumstances. The writ of *habeas corpus* is only used for the purpose of relieving from illegal restraint.   Ex parte Coupland, 26 Texas, 386; Ex parte Trader, 24 Texas Crim. App., 393.   Appellant, under a conviction in the District Court under certain circumstances, would be entitled to enter into a recognizance during term time, and failing to do this he might give bond in vacation.   This rule, however, does not apply in all felony convictions.   In this case the clerk's certificate shows that he was convicted of murder and awarded the death penalty.   This would prevent his entering into a recognizance or bond in the trial court, and this court, of course, would be powerless to grant bail pend-ing the appeal.

For the reasons indicated we are of opinion the appeal should be dismissed and it is accordingly so ordered.

*Dismissed.*

ON REHEARING.

April 6, 1921.

HAWKINS, JUDGE.—The original opinion dimissing the appeal discloses that before this court acted upon the same a judgment of conviction with the death penalty was secured against the relator and for that reason the appeal was dismissed. Subsequently appellant filed a motion for rehearing requesting this court to reinstate the appeal and hold the matter until the main case was disposed of against the relator, and that in the event it was reversed and remanded that this court then pass upon relator's appeal from the judgment denying bail. The main case has been disposed of, and relator's motion to have his appeal in this case reinstated is granted and the matter will be considered as to whether the trial court in remanding him without bail, committed error. Sufficient facts have been stated in the opinion in the main case to obviate the necessity of repeating the same here.

After an inspection of the entire record we are of opinion that the relator's case does not come within the rules which would entitle him to bail, and the judgment of the lower court denying him bail is affirmed.

*Affirmed.*