R. C. HIBBITT v. THE STATE.

No. 6466.   Decided November 16, 1921.

Rehearing granted January 11, 1922.

**1.—Failing to Support Infant Child—Jury and Jury Law—Voir Dire.**

Where, upon trial of failure to support defendant's infant child, while the jurors were being examined on their voir dire and the State's attorney asked them if they believed in the enforcement of the law, which makes it an offense for a man to refuse to support and maintain his children, which they answered in the affirmative, the defendant's counsel should have been allowed to ask them the question and have it answered, "Do you believe that a man should be punished for failure to support his child regardless of the circumstances, or reasons, for such failure?" and a refusal to do so was reversible error.

**2.—Same—Venue—Bill of Exceptions—Practice on Appeal.**

In the absence of a bill of exceptions, the complaint in the motion for new trial as to the questions of proof of venue cannot be considered on ap-

peal. Following McGlasson v. State, 38 Texas. Crim. Rep., 351, and other cases.

### 8.—Same—Insufficiency of the Evidence.

The judgment being reversed and the cause remanded for other reasons, the sufficiency of the evidence need not be discussed further than to say that it is not as satisfactory and convincing as it might be, but as it may not be the same upon another trial, the judgment is reversed upon other grounds.

· Appeal from the County Court of McLennan. Tried below before the Honorable Giles P. Lester.

Appeal from a conviction of failure to support defendant's infant child; penalty, six months confinement in the county jail.

The opinion states the case.

*John McGlasson,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.—On question of venue: Garrett v. State, 135 S. W. Rep., 532.

HAWKINS, Judge.—Conviction was for failure to support appellant's infant child, punishment being assessed at six months imprisonment in the county jail.

Only one bill of exceptions appears in the record. While the jurors were being examined on their *voir dire,* the State's attorney asked them if they believed in the enforcement of the law which makes it an offense for a man to refuse to support and maintain his children. Upon answer being made in the affirmative, appellant's counsel then asked them, "Do you believe that a man should be punished for failure to support his child regardless of the circumstances or reasons for such failure?" The court sustained the objection to this question. We think the question was entirely too general. It in no particular apprised the jury of, nor embraced, any defensive theory.

For the first time, in his motion for new trial, appellant questions proof of venue. No bill of exceptions presents this issue. Under these circumstances this court is not authorized to review the matter. Article 938, Vernon's C. C. P.; McGlasson v. State, 38 Texas Crim. · Rep., 351; Thompson v. State, 72 Texas Crim. Rep., 6, 160 S. W. Rep., 685.

The only other question raised by appellant is that the evidence does not show that he failed to support the child, or that the child was in destitute and necessitous circumstances. In passing upon this issue it is necessary for us to look to the State's testimony in its entirety to ascertain if the complaint is tenable; however, we do not deem it necessary to set out here the evidence, because it raises a question of fact merely, and would not be helpful to the bench or bar of the State generally. After a careful examination of the State's testimony we have

reached the conclusion that it was sufficient for the jury to have based thereon its finding against the contention of appellant. It is true the testimony is challenged in some particulars by that of appellant, but this only raises an issue of fact, which it was the province of the jury to determine, and they have settled that in favor of the State. It is only where there is no testimony, or insufficient testimony to support a conviction that this court will be authorized to set it aside, and not as in this instance, where they may be a conflict in the testimony.

Finding no error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

ON REHEARING.

January 11, 1922.

HAWKINS, JUDGE.—On further consideration and consultation we have reached the conclusion that we were in error in holding that the question propounded to the jurors by appellant's counsel was too general. An answer thereto might have disclosed the attitude of some juror upon the subject inquired about that would have formed a basis for a challenge for cause; or, at least, would have enabled appellant to exercise his right of peremptory challenge more intelligently. Barnes v. State, 74 Texas Crim. Rep., 501, 168 S. W. Rep., 858; also see cases cited under Note 50, Vernon's C. C. P., p. 380.

It is also urged that we were in error in holding the evidence sufficient to sustain the conviction. Upon a closer analysis of it it must be conceded that it is not as satisfactory and convincing as it might be. It may not be the same upon another trial, if one is had. We make no further comment on it, as the case will be reversed on the other ground.

The motion for rehearing is granted; judgment of conviction is reversed, and the cause remanded for a new trial.

*Reversed and remanded.*