## J. H. Belcher v. The State.

No. 8353.   Decided January 23, 1924.

Murder—Jury and Jury Law—Ku Klux Klan.

Where, upon trial of murder, in selecting the jury defendant sought to inquire of the veniremen on their voir dire whether they belonged to the organization known as the Ku Klux Klan, to which the State objected, and which objection the Court sustained telling counsel he might ask the jurors if they belonged to any organization or institution which would influence them against the defendant if taken upon the jury, the same is reversible error.   Following Kerley v. State, 89 Texas Crim. Rep., 199, and other cases.

Appeal from the Criminal District Court of Dallas. Tried below before the Honorable C. A. Pippen.

Appeal from a conviction of murder; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Tom Garrard* and *Grover C. Morris*, Assistants Attorney General, for the State.

HAWKINS, JUDGE.—The offense is murder; punishment fixed at confinement in the penitentiary for a period of ten years.

In selecting the jury appellant sought to inquire of the veniremen on their voir dire whether they belonged to the organization known as the Ku Klux Klan. Upon objection by the State, appe'lant's counsel stated, among other things, that it was highly important to the appellant that he ascertain whether the jurors belonged to the organizaion mentioned so that the peremptory challenges accorded him by the statute might be intelligently exercised, and gave his reasons for believing the information sought to be important. The court sustained the State's objection and told counsel he might ask the jurors if they belonged to any organization or institution which would influence them against the appellant if taken upon the jury. The question is not a new one but in principle has been before the court in other cases. In the recent case of Kerley v. State, 89 Texas Crim. Rep., 199, 230 S. W. Rep., 163, while the inquiry did not relate to the membership in the organization mentioned, the same principle was involved and the operation of the law upon the right of peremptory challenge was adverted to in the following language:

"As related to a peremptory challenge, a juror is 'objectionable' whom the accused on trial, desiring to eliminate, makes known his wish in a timely and orderly manner. A peremptory challenge is, in our statute, defined as 'a challenge made to a juror without assigning any reason therefor.' Code of Crim. Proc., Art. 609. It is the privilege of accused to exclude from jury service one whom, in his judgment, is unacceptable to him. Thompson on Trials, Vol. 1, Sec. 43. In conferring it the law gives effect to the natural impulse to eliminate from the jury list not only persons who are rendered incompetent for some of the disqualifying causes named in the statute but persons who, by reason of politics, religion environment, association or appearance, or by reason of the want of information with reference to them, the accused may object to their service upon the jury to which the disposition of his life or liberty is submitted."

The exact question was before the court in the case of Reich v. State, 251 S. W. Rep., 1073. In that case the court prevented the appellant from ascertaining from the veniremen whether they were

members of the Ku Klux Klan. The appellant excepted to this upon the ground that the information desired was necessary in the exercise of his peremptory challenges. Holding that inquiry to be a proper one, this court used the following language:

"Under the practice in this state, the right to interrogate venire-men on their voir dire is not open to question. This may be done in order to elicit facts that will enable them to exercise their right of peremptory challenge in an intelligent manner. This must, of course, within reasonable limits, be determined under the facts of the particular case by the trial judge. His discretion in the matter, however, has limitations, and, when abused, will be corrected upon appeal. Cyc., Vol. 24, p. 338, 3rd subdivision of the text, notes 23, 24; H. & T. C. Ry. Co. v. Terrell, 69 Texas, 650, 7 S. W., 670; Barnes v. State, (Texas Cr. App.), 88 S. W. 805; Patrick v. State, 45 Texas Cr. R., 587, 78 S. W., 947.

Upon the facts revealed by the bill of exceptions in the instant case, it is conceived that the inquiry proposed was a proper one. The information which was called for was certainly calculated to have enabled the appellant to intelligently exercise his peremptory challenges. We fail to discern anything in its nature that would give the court the discretion to deny the privilege of propounding the questions. Illustrative cases are numerous. See Houston v. State, 83 Texas Crim. Rep., 190, 202 S. W., 84; De Arman v. State, 80 Texas Crim. Rep., 147, 189 S. W., 145; Hibbitt v. State, 90 Texas Crim. Rep., 527, 236 S. W., 739; Crow v. State, 89 Texas Crim. Rep., 142, 230 S. W., 148; Stagner v. State, 9 Texas Crim. App., 440; Lavin v. State, 69 Ill., 303; State v. Miller (Mo.), 207 S. W., 797; State v. Smith, 57 Mont., 563, 190 Pac. 107; Barnes v. State, 74 Texas Crim. Rep., 501, 168 S. W., 858." See also Benson v. State, 95 Texas Crim. Rep., 311, 254 S. W., 793.

There is nothing to distinguish the present case or to exempt it from the principle applied in the cases from which the excerpts have been taken. The inquiry that the court proposed, namely, that the juror might be asked whether he belonged to any organization which would influence him would suffice to elicit his conclusion that he would not be influenced, but this would not be an adequate substitution for the information which the accused desired in order that he might exercise the privilege given him by statute of excluding the venire-men from the jury.

Many other questions are presented, but consideration of them is pretermitted on account of the stress of business now before us and because the questions will not likely arise in the same form upon another trial.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*