GLASS

v.

TEXAS LIQUOR CONTROL BOARD.

No. 3182.

Court of Civil Appeals of Texas.

Waco.

April 22, 1954.

Herman W. Mead, Houston, for appellant.

John Ben Shepperd, Atty. Gen., Horace Wimberly, Asst. Atty. Gen., for appellee.

McDONALD, Chief Justice.

This is an appeal from a judgment of the District Court of Harris County refusing application of appellant Glass for a wine and beer retailer's permit.

Appellant made application for such permit to the County Judge to sell wine and beer at 5913 Washington Ave. in Houston, Texas, at a place to be known as the Theater Lounge. Protests were filed against granting the application, and after hearing the County Judge denied the application on the ground that the business would be conducted in a manner to jeopardize the peace and morals of the community. Appellant thereafter appealed to the District Court. After hearing the District Court entered judgment finding that the County Judge denied the license upon sufficient and substantial evidence and affirmed and sustained the County Judge's action in denying the license.

Appellant appeals to this court on two points: 1) That the Trial Court erred in holding that the ruling of the County Judge was supported by substantial evidence; and 2) That the Trial Court erred in failing to admit testimony as to other locations in Houston alleged to be conducting business in the same manner as proposed by appellant.

In connection with appellant's first point, a review of the record reflects that appellant himself testified he proposed to have a burlesque show, complete with "strip-teasers" on the premises for which he was applying for a beer and wine permit. Inspector Howland of the Liquor Control

Board testified that some six or eight persons officially protested the granting of the license, because they lived close to the premises and their children would frequently pass in front of the place and it would constitute an enticement to their children; that the Houston District Office of the Liquor Control Board had made an official protest against the granting of the license. Police Officer Sillaban testified that the Morals Division of the Houston Police Department protested the issuance of the license—as well as that home owners in the area were protesting. There was evidence that some 220 persons signed a petition protesting the granting of the license, that 60 or 70 attended the hearing in the County Court and that eight or ten made statements of protest at that hearing. It is further in evidence that there are schools and churches in the area and that the area is generally residential.

 A trial in District Court in such a case is under the substantial evidence rule wherein the question is whether or not the ruling or judgment of the County Judge is reasonably supported by substantial evidence. See Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198; Ex parte Velasco, Tex. Civ.App., 225 S.W.2d 921; Corder v. Delgado, Tex.Civ.App., 234 S.W.2d 268; State v. Farris, Tex.Civ.App., 239 S.W.2d 419.

The Texas Liquor Control Act, Vernon's Ann.P.C. art 667–6(d), provides: "It shall be sufficient cause for the county judge to refuse to grant any license when he has reason to believe that the applicant will conduct his business of selling beer at retail in a manner contrary to law or in any place or manner conducive to the violation of the law or likely to result in any jeopardy to the peace, morals, health, or safety of the general public."

Applying the principles of law announced to the record in this case, we conclude that there existed sufficient cause for the County Judge to refuse to grant the license to appellant—and that his judgment and order are supported by substantial evidence, and that the District Court was correct in so holding.

Appellant's second point complains that the Trial Court erred in refusing to admit tendered evidence that other places in Houston were being conducted as he proposed to conduct the Theater Lounge.

The fact that other places are alleged to be in violation of a law is no basis for permitting appellant to violate the law. See Patrick v. State, 45 Tex.Cr.R. 587, 78 S.W. 947.

Both of appellant's points are overruled and the judgment of the Trial Court is affirmed.