STATE of Iowa, Appellee,

v.

Merrill LEWIS, Appellant.

No. 56285.

Supreme Court of Iowa.

Feb. 20, 1974.

Ronald D. Bonnett, Lenox, for appellant.

Richard C. Turner, Atty. Gen., Fred M. Haskins, Asst. Atty. Gen., and Richard R. Jones, County Atty., for appellee.

Heard by MOORE, C. J., and RAWLINGS, REYNOLDSON, HARRIS and McCORMICK, JJ.

McCORMICK, Justice.

Defendant appeals his conviction and sentence for breaking and entering under Code § 708.8. We reverse and remand the case for dismissal of the charge because of the refusal of a justice of the peace to provide the indigent defendant a means of recording testimony at his preliminary hearing.

On December 17, 1971, defendant was charged by preliminary information in a justice of the peace court in Bedford, Taylor County, with breaking and entering a gas station in Clearfield during the night of December 16, 1971. Preliminary hearing was set for December 24, 1971. On December 23, 1971, defendant's lawyer, his present counsel, filed with the justice of the peace a verified motion to have the preliminary hearing reported by a shorthand reporter. In it defendant recited he was indigent, the State had agreed the proceeding should be reported, and the justice of the peace had ruled the cost must be paid by defendant. He alleged denial of his motion on the basis of his indigency would deny him equal protection of the laws.

The motion was overruled. The preliminary hearing was held but not reported. Defendant was bound over to district court. The justice of the peace prepared and filed minutes of the preliminary examination in district court in accordance with §§ 761.16 and 761.25, The Code, 1971. Defendant was later tried on the charge in district court, was convicted and sentenced.

The statute relied on by the justice of the peace in overruling defendant's motion appeared in the 1971 Code as § 761.15. It provided:

"By agreement of parties or their attorneys, the magistrate may order the [preliminary] examination taken down in shorthand and certified substantially in the manner provided for taking depositions by a stenographer, but the costs thereof shall not be taxed against the county."

It was repealed July 1, 1973, by Acts 1972, 64 G.A., ch. 1124, §§ 282, 293.

Defendant contends application of the statute to deny him services of a shorthand reporter at preliminary hearing because of his indigency denied him equal protection. Interposition of any financial obstacle between an indigent and his exer-

cise of a state trial or appeal right is a denial of equal protection of the laws under Amendment 14, United States Constitution. See Britt v. North Carolina, 404 U.S. 226, 227, 92 S.Ct. 431, 433, 30 L.Ed.2d 400, 403 (1971). ("* * * [T]he State must, as a matter of equal protection, provide indigent prisoners with the basic tools of an adequate defense or appeal, when those tools are available for a price to other prisoners."). This rule precludes refusal of a preliminary hearing record on the ground of indigency. Roberts v. LaVallee, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967).

The State contends defendant's motion was properly overruled because defendant did not specify a reason for needing the preliminary hearing reported and because the magistrate's minutes were a constitutionally adequate substitute for verbatim reporting.

■ The State equates the request for reporter services with other requests for pretrial investigative or expert services. We have said an indigent must specify his reason for wanting such services so the court can determine whether they are necessary in the interest of justice. State v. Williams, 207 N.W.2d 98, 103–106 (Iowa 1973). But this does not mean, as suggested by the State, that the indigent must articulate specific reasons for wanting a record made of preliminary hearing.

Two factors are relevant to the determination of necessity of a verbatim record of a proceeding held in advance of trial: (1) the value of the record to the defendant in connection with the trial or appeal for which it is sought and (2) the availability of an alternate device that would fulfill the same function. See Britt v. North Carolina, supra, 404 U.S. at 227, 92 S.Ct. at 433–434, 30 L.Ed.2d at 403–404. Although the Britt case dealt with the subject of providing a transcript rather than the making of a record, it is impossible to furnish a transcript when there is no record. The principle is the same.

■ As to the first factor the United States Supreme Court has consistently recognized in its transcript cases the value to a defendant of a record of prior proceedings in the case, without requiring a showing of need tailored to the facts of the particular case. When transcribed the record may be valuable as a discovery device in preparing for trial or as an impeachment tool. Britt v. North Carolina, supra, 404 U.S. 228, 92 S.Ct. at 434, 30 L.Ed. 2d at 404. As to the second factor, when the value of the verbatim record to the indigent colorably appears, the burden is on the State to show the sufficiency of any suggested alternative. Mayer v. Chicago, 404 U.S. 189, 195, 92 S.Ct. 410, 415, 30 L.Ed. 2d 372, 378–379 (1971).

■ Accordingly, equal protection requires that a verbatim record be made of preliminary hearing at public expense, when timely requested by an indigent defendant, unless the State shows a record of sufficient completeness can otherwise be kept.

■ The subject of alternative methods of reporting trial proceedings was discussed in Draper v. Washington, 372 U.S. 487, 495, 83 S.Ct. 774, 779, 9 L.Ed.2d 899, 905 (1963), in relation to appellate review. The court said:

"Alternative methods of reporting trial proceedings are permissible if they place before the appellate court an equivalent report of the events at trial from which the appellant's contentions arise. A statement of facts agreed to by both sides, a full narrative statement based perhaps on the trial judge's minutes taken during trial or on the court reporter's untranscribed notes, or by a bystander's bill of exceptions might all be adequate substitutes, equally as good as a transcript."

By the same reasoning, an alternative method of recording a preliminary hearing would have to provide substantially equivalent utility as a device for discovery and impeachment to be an acceptable alterna-

tive to a shorthand reporter's record. See, e. g., Moreno v. Floyd, 85 N.M. 699, 516 P.2d 670 (1973) (a tape recording of preliminary hearing is an equivalent alternative to a verbatim written transcript).

In the present case the value to defendant of shorthand reporting of the preliminary hearing was self-evident under the constitutional standard established by the United States Supreme Court. In addition such value was implicitly conceded by the State when it agreed to the reporting of the hearing. And the State made no effort to meet its burden to demonstrate the minutes taken by the justice of the peace were an equivalent alternative. Defendant denied their accuracy and completeness. The State offered no proof on the issue.

■ The justice of the peace erred in overruling defendant's motion to have the preliminary hearing reported. This ruling denied defendant equal protection in relation to his right of trial preparation. The damage cannot be undone. The testimony which defendant wished to preserve was given December 23, 1971. Its value depended upon its spontaneity, the memory of the witnesses at that time, and any variances in testimony between that date and the next time the witnesses testified.

There is no way now to recreate the testimony or to assure proper use. Defendant's conviction and sentence must be set aside and the charge dismissed.

As we have noted, § 761.15, The Code, 1971, which was unconstitutional as applied to defendant in this case, has been repealed. Now there is no statutory prohibition against the taxing of the expense of making a record of preliminary hearing against the county. Included in amendments to the act establishing a unified trial court in Iowa effective July 1, 1973, was a substitution for prior Code § 762.12, relating to magistrate trials of nonindictable offenses. See Acts 1973, 65 G.A., ch. 282, § 89. It permits reporting or electronic recording of such trials at the expense of the party, but also provides:

"If the defendant is indigent and requests that the proceedings upon trial be reported, the judicial magistrate shall cause them to be reported by a reporter, or electronically, at public expense."

Although there is no comparable statutory mandate in relation to preliminary hearings, we hold the equal protection standard requires they be similarly recorded at public expense by reporter, or electronically, or by equivalent method, upon timely request by an indigent defendant. Cf. State v. Whitfield, 212 N.W.2d 402, 411–415 (Iowa 1973) (special concurrence and dissent—majority of the court held record of final arguments must be made when requested by an indigent defendant).

Since defendant was denied the services of a shorthand reporter to record his preliminary hearing on the ground of his indigency and was not provided with an equivalent alternative method to record the hearing, this case is reversed and remanded for an order dismissing the case and discharging defendant with respect to this charge pursuant to Code § 793.21.

Reversed and remanded with directions.