**STATE of Iowa, Appellee,**

v.

**James Edward CAMPBELL, Appellant.**

**No. I–55904.**

Supreme Court of Iowa.

Feb. 20, 1974.

Patrick H. Payton, West Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Raymond W. Sullins, Asst. Atty. Gen., and Ray A. Fenton, County Atty., for appellee.

Heard before MOORE, C. J., and RAWLINGS, LeGRAND , REYNOLDSON and McCORMICK, JJ.

LeGRAND, Justice.

Defendant was convicted of robbery with aggravation. (Sections 711.1, 711.2, The Code.) He appeals from judgment on that verdict to present this single question: Was he denied his constitutional right of equal protection under the 14th Amendment to the Constitution of the United States because the trial court refused to furnish him at county expense a transcript of a hearing on a motion to suppress and a transcript of the earlier trial of his alleged accomplice? We conclude defendant must have a new trial.

■ At the outset we dispose of the state's argument that the constitutional issue now posed was not preserved for review because it was not urged until defendant's motion for a new trial. A somewhat similar argument was advanced in State v. Williams, 207 N.W.2d 98, 103–105 (Iowa 1973). What we said there is decisive and we hold the matter is properly before us.

■ Another state contention should be briefly mentioned. It is argued the defendant should fail because his motion requesting the transcript of Canada's trial recites only that it was necessary for his defense while he now asserts it would have been helpful also for purposes of impeachment. The state unduly limits the scope of the motion. Preparing to defend, we believe, would include an investigation to determine if the testimony at Canada's trial was truthful and the possibility of discrediting the state's witnesses by impeachment. There has been no shift of position here.

Defendant was accused of having committed the crime of robbery with aggravation with Redell Canada, Jr., as his accomplice. Canada was tried first and was convicted. Defendant filed a motion for a transcript of the Canada trial to be furnished at county expense. His request was denied. We hold such refusal was error which entitles defendant to a new trial.

We disagree with the extreme positions taken by both the state and defendant. Defendant asserts he is entitled to a copy of the transcript simply because a defendant with funds could purchase one. On the other hand, the state says he is entitled only to transcripts of proceedings in which he himself is a defendant. Since the requested transcript was of Canada's trial, the state argues defendant had no constitutional right to demand it.

■ We are unwilling to say an impecunious defendant is entitled to anything which a wealthy one could purchase. The mere fact that one might be profligate in spending his own money furnishes no justification for an indigent to unnecessarily expend public funds. If what an indigent requests is reasonably necessary for his defense, he should not be denied access to it because he is without funds. State v. Lewis, Iowa, 215 N.W.2d 293, filed February 20, 1974. But the courts need not furnish everything a defendant demands, no matter how unimportant or frivolous it may be.

■ On the other hand, the state's argument that a defendant may *never* have a transcript of proceedings involving others is equally repugnant. Again we say the test is one of necessity for trial preparation. This is a determination which must be made on the exigencies of each case. This is demonstrated by the following cases in which the request was sometimes granted and sometimes denied, but always on a determination of necessity. People v. Joines, (1973), 46 Mich.App. 427, 208 N.W.2d 193, 196 (denied); United States v. McMann, (2d Cir. 1969), 408 F.2d 896, 897 (granted); United States v. LaVallee, (2d Cir. 1970), 428 F.2d 165, 167 (denied); Roberts v. LaVallee, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967) (error to deny); United States v. Talbott, (8th Cir. 1972), 454 F.2d 1111, 1112, 1113 (denied); Gardner v. United States, (1969), 132 U.S.App. D.C. 331, 407 F.2d 1266, 1267, 1268, cert. den., 395 U.S. 911, 89 S.Ct. 1757, 23 L.Ed. 2d 225 (error to deny); People v. Moore, 51 Ill.2d 79, 281 N.E.2d 294, 296 (1972) (error to deny).

■ I. Basically the issue raised is defendant's right to counsel—effective counsel. This means not only providing defendant with a lawyer; it also means providing that lawyer with the opportunity—in both time and tools—to perform his often onerous task competently and conscientiously. State v. Lewis, supra; State v. Williams, 207 N.W.2d 98, 103–106 (Iowa 1973). Anything less is a denial of equal protection.

We are convinced a transcript of Canada's trial would have been an invaluable tool in preparing for defendant's trial. The state alleged defendant and Canada committed this crime together. The evidence against them was identical, the witnesses who gave it the same. Seldom does defense counsel have such a preview of the evidence his client must face. No attorney worth his salt would neglect the opportunity to appraise an *affluent* client's case from such a vantage point. An indigent's lawyer should not be compelled to do so.

To say, as the state does, that defendant may not have the transcript because it involves the trial of his alleged accomplice rather than his own is to deny defendant his most helpful weapon in preparing his defense. We cannot accept that premise.

Although defendant urges only the constitutional denial of equal protection, we believe that issue is inextricably tied to what we said in State v. Williams, supra, about section 775.5, The Code. We quote from that opinion, not because of any factual similarity, but because of the general principles announced which we find equally applicable here:

"The foregoing constitutional rights [of effective assistance of counsel and equal protection] preserved for an accused by both the federal and state constitutions are implemented in Iowa by section 775.- 5, The Code. Although this statute does

not give an accused any greater substantive rights than he previously had, it does make provision for compensation to assigned counsel for personal services he renders in the defense of an indigent accused and *payment of such sums as the court may determine are necessary for investigation in the interest of justice."* (Emphasis added.)

The same principle which allows payment for investigation should govern a request for a transcript which is necessary in preparing for trial or appeal.

In Williams we affirmed the trial court's denial of investigative expense because of counsel's failure to show it was necessary "in the interest of justice." However, as noted in State v. Lewis, supra, the value and utility of a transcript is ordinarily self-evident and needs no demonstration. We have already expressed ourselves on this point as it applies to the present case.

We believe the rule of reasonable necessity is fair to both defendant and the state. We believe, too, it is the rationale upon which Britt v. North Carolina, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971) is based. In Britt the court recognized two factors as determinative—the value of the requested transcript in preparing for trial or appeal and the availability of alternatives which would accomplish the same objective. See also 20 Kansas L.Rev. 745 (1972) and 51 North Carolina L.Rev. 621 (1973). If the state shows there are other alternatives, the court may, of course, direct their use instead. See State v. Lewis, supra. The important thing is that defendant have the means to develop and present his case. Here we believe that required the transcript defendant requested.

■ Under the record before us we hold the trial court's refusal to furnish defendant a transcript of the trial of his alleged accomplice was a denial of equal protection. We further hold this denial was prejudicial and that defendant is entitled to a new trial because of it.

■ II. So far we have discussed only the request for a transcript of Redell Canada's trial. Since our holding on that issue demands a new trial, we treat the request for a transcript of the motion to suppress only briefly. We believe it was also error to refuse this request; but, in retrospect, it was harmless error. See Gardner v. United States, supra; Roberts v. LaVallee, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967); People v. Moore, 51 Ill.2d 79, 281 N.E.2d 294, 296 (1972); United States v. LaVallee, (2d Cir. 1970), 428 F.2d 165, 167. The only witness at the suppression hearing was a policeman who also testified at defendant's trial. There were no significant differences in his testimony.

The logic of permitting a determination *after* trial that a transcript would not have been helpful *before* trial is open to serious question. See United States v. LaVallee, supra, 428 F.2d at page 168, and United States v. Talbott, supra, 454 F.2d 1115 (dissent).

Obviously such a finding cannot be made without reviewing the very transcript which was requested (and refused) in the first place. Furthermore such a procedure disregards defense counsel's judgment, strategy, and resourcefulness in favor of, first, the trial court's and then ours. Ordinarily the decision should be made by the one who bears the responsibility of defending.

However, that is not an important issue in this case because a new trial has been ordered on other grounds, and a transcript of the hearing on the motion to suppress is now available. Defendant should have it for whatever benefit it may be to him.

In summary, we hold as follows:

(1) The trial court erred in refusing defendant a transcript of the hearing on his motion to suppress evidence but such error was harmless under the circumstances of this case.

(2) The trial court erred in refusing defendant a transcript of the trial of Redell

 

Canada; such refusal was a denial of equal protection under the 14th Amendment to the federal constitution.

(3) For the reasons stated in (2) the judgment is reversed for a new trial.

(4) Defendant's counsel shall be furnished a transcript of the trial of Redell Canada and also a transcript of the hearing on his motion to suppress in sufficient time to prepare for defendant's new trial.

Reversed and remanded with instructions.