Luke Jerome THOMAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 68208.

Court of Criminal Appeals of Texas,
En Banc.

Oct. 12, 1983.

Morris L. Overstreet, Amarillo, for appellant.

Randall Sherrod, Dist. Atty. and Thomasina Thomas, Asst. Dist. Atty., Canyon, Robert Huttash, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This is an appeal from a conviction for possession of methamphetamine. Punish-

---

ment was assessed at five years and a $2,000 fine.

In one of appellant's grounds of error he contends the trial court erroneously restricted voir dire examination of prospective jurors. The record reflects that initially appellant was allowed 35 minutes by the trial court. Counsel began by posing general questions to the panel as a whole. It appears that counsel probably spent about half of his time using this technique. On only one occasion does the record reflect anything other than "(No response.)" to these questions addressed to the panel as a whole. The second half of the pages of the record of defense counsel's jury voir dire reflect question and answer exchanges with individual prospective jurors. It appears counsel was able to examine eight prospective jurors during the time he had remaining. When the court cut him off after 35 minutes, he was permitted to ask one general question to the panel as a whole: "Is there anyone on this jury panel today who can think of any reason why they could not serve as a fair and impartial juror?" One person responded and further exploration by attorneys for both sides and by the court of that person's thoughts continued for another ten minutes. At that point counsel was again permitted to pose the single general question to the panel as a whole. No one responded and voir dire examination was concluded over counsel's objection. By bill of exception counsel showed several other relevant questions he desired to ask panel members.

In *Whitaker v. State,* Tex.Cr.App., 653 S.W.2d 781, we held limitation of jury voir dire to 50 minutes was not unreasonable and did not constitute an abuse of discretion where the record did not reflect whether or not the jury was composed entirely from individuals that counsel had been able to examine individually. On this basis we distinguished *De La Rosa v. State,* Tex.Cr. App., 414 S.W.2d 668, which was reversed for improper limitation of jury voir dire.

In this case it is evident that some of the persons who sat on the jury had not been examined individually by appellant's counsel, since counsel was only able to examine less than twelve panel members, fewer even than in *De La Rosa.* The fact that it is not possible to put an automatic time limit on the voir dire process is clearly demonstrated by this record. The last person to respond to the general question posed to the panel as a whole required ten minutes of examination to resolve his point of view on a single significant point. Because it is impossible to know beforehand how many prospective jurors may require significant examination for clarification of their points of view, no safe prediction of the time required for voir dire can be made. Thus, although hindsight may reveal, as it did in *Whitaker,* that limitation of voir dire was not unreasonable and was not an abuse of discretion in light of how voir dire actually proceeded, the very unpredictability of what voir dire will reveal makes it impossible to say beforehand that any particular time period will not reveal itself to be unreasonable as the events of voir dire unfold.

■ In this case, as in *De La Rosa,* counsel's voir dire examination of the prospective jurors was unduly restricted by the time limit imposed, and the fact that some jurors who served were not individually examined by counsel demonstrates harm, in that appellant has shown by way of bill of exception that he had relevant questions to ask individual jurors he was not allowed to examine by reason of the time limitation.

The ground of error is sustained.

■ In another ground of error appellant challenges the sufficiency of the evidence. The record shows appellant and his wife were the residents of the home where the contraband was seized, and were present when the search was conducted and the contraband seized at locations in open view in the common areas. The evidence was sufficient.

For the error previously discussed, the judgment is reversed and the cause remanded.

McCORMICK, J., concurs in the result.