Juanita SANTOS, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–84–00030–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 4, 1984.

Tony Aninao, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Calvin A. Hartmann, Cheryl Turner, Harris County Asst. Dist. Attys., Houston, for appellee.

Before WARREN, COHEN and LEVY, JJ.

## OPINION

LEVY, Justice.

This is an appeal from a conviction by jury of the offense of burglary. Punishment was assessed by the court at five years confinement, probated.

Appellant does not challenge the sufficiency of the evidence. She was seen by several witnesses with a male accomplice at the house of the complainant, Mary Rojero, the woman whose home was burglarized on July 12, 1983.

Appellant alleges in her first ground of error that the trial court erred by setting a thirty-minute time limit on voir dire and that additional time should have been allowed for challenges for cause, since eleven veniremen were victims of crime. Appellant principally relies on *De La Rosa v. State*, 414 S.W.2d 668 (Tex.Crim.App.1967); *Clark v. State*, 608 S.W.2d 667 (Tex.Crim. App.1980); and *Thomas v. State*, 658 S.W.2d 175 (Tex.Crim.App.1983).

In *De La Rosa*, 414 S.W.2d 667, an unlawful drug possession case, the defense counsel objected in writing to the thirty-minute time limitation imposed before voir dire began. Twenty-one minutes of voir dire were spent on questioning individual jurors. Counsel did not have the use of juror information cards. The Court of Criminal Appeals held the voir dire time limitation to be an abuse of discretion.

In *Clark v. State*, 608 S.W.2d 667, defendant was charged with burglary, and

his counsel was permitted only thirty minutes to voir dire the jury. Defense counsel had no juror information sheets and was neither aware of the time limitation prior to the start of voir dire nor had he anticipated such a limitation. The court held that the trial judge had abused his discretion in not permitting additional time.

In *Thomas v. State*, 658 S.W.2d 175, defense counsel was able to individually examine only eight jurors under a thirty-five minute time limitation. As the Court of Criminal Appeals points out in its rationale for reversing *Thomas*, counsel (for *Thomas*) was able to examine less than 12 panel members, fewer even than in *De La Rosa*. Defendant preserved his error by filing a bill of exception showing that he had relevant questions to ask individual jurors he was not allowed to examine by reason of the time limitation.

▮▮▮ In the instant case, juror information sheets were available to defense counsel. The time limitation was announced by the trial judge before voir dire, unlike *Clark*. Defense counsel directed most of his questions to the panel as a whole, instead of to individual jurors. Also, counsel did not file a bill of exceptions to show the questions he would have asked if he had been allowed additional time. The docket sheet shows that he was given one hour for voir dire, not thirty minutes as alleged. This was twenty minutes more than the State used for voir dire. Reasonable time limits may, within the trial court's discretion, be placed on voir dire examination. *Abron v. State*, 523 S.W.2d 405 (Tex.Crim. App.1975). The very unpredictability of what voir dire will reveal makes it impossible to say beforehand that any particular time period will not reveal itself to be unreasonable as the events of voir dire unfold. *Thomas*, 658 S.W.2d at 176. The voir dire time limitation imposed in this case was not an abuse of discretion.

The first ground of error is overruled.

The second ground of error argued by appellant is that the trial court erred in overruling appellant's challenge for cause of a jury panel member who admitted that he was biased against appellant because she had an alias. Juanita Santos was also known as Janie Santos Camacho and was indicted under both names. Juror number eighteen, Mr. Golczynski, made various biased comments against people with aliases. Golczynski was challenged for cause, Tex. Code Crim.P. 35.16(a)(9) (Vernon Supp. 1983), but the trial judge denied the challenge. Appellant's counsel then used his ten peremptory strikes against other veniremen on the panel. He asked for additional peremptory strikes, which were denied. Appellant's counsel stated that other jurors were objectionable. The challenged juror, Golczynski, sat on the jury that convicted appellant.

▮▮▮ The trial procedure that must be followed by a defendant to preserve error when his challenge for cause is denied includes:

1. use of a peremptory strike on the veniremen he has unsuccessfully challenged for cause;

2. exhaustion of his remaining peremptory strikes on other veniremen; and,

3. then filing a motion requesting an additional peremptory challenge for the purpose of striking an additional named venireman who is unacceptable to the defendant.

*Williams v. State*, 565 S.W.2d 63, 65 (Tex. Crim.App.1978); *Hernandez v. State*, 563 S.W.2d 947, 948 (Tex.Crim.App.1978); *Wolfe v. State*, 147 Tex.Crim. 62, 178 S.W.2d 274, 281 (1944). Appellant failed to use a peremptory strike on juror Golczynski and therefore did not meet the requirements of *Williams, supra.*

The second ground of error is overruled.

In her third ground of error, appellant argues that, being indigent, she should have been provided a free transcript of the prior separate trial of the acquitted co-defendant, Jose Morino. Appellant was not charged as a party in the indictment, nor did the jury charge contain an instruction on the law of parties. There were common witnesses and identical charges in the Morino prosecution, and the burglary charge

against appellant arose out of the same alleged transaction involving the co-defendant.

■ The State must provide an indigent defendant with a free transcript of his own prior trial when that transcript is needed for an effective defense or appeal. *Abdnor v. Ovard,* 653 S.W.2d 793 (Tex. Crim.App.1983). Relevant factors in the determination of need for a free transcript are the value of the transcript of the former trial in connection with the trial or appeal for which it is sought, and the availability of alternative devices that would fulfill the same function as the transcript. *Britt v. North Carolina,* 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971); *See Billie v. State,* 605 S.W.2d 558 (Tex.Crim.App. 1980); *Armour v. State,* 606 S.W.2d 891 (Tex.Crim.App.1980). However, the above cases granted a defendant a free transcript of *his* prior proceedings. The only case cited by appellant that grants an indigent defendant a free transcript of a co-defendant's trial is from a court of another state, *State v. Campbell,* 215 N.W.2d 227 (Iowa 1974). We are referred to no other cases that have followed *Campbell,* nor have we found any. Moreover, the record contains no bill showing specifically why appellant needed the other transcript or how she would be harmed by its unavailability.

■ We overrule appellant's third ground of error and conclude that an indigent defendant is not entitled to a free transcript of an acquitted co-defendant's trial under these particular facts and circumstances. We need not decide whether the same result would be reached if the appellant had been indicted as a party or if the jury charge had contained an instruction authorizing the appellant's conviction for the criminal acts of Morino under Texas Penal Code Ann. sections 7.01 and 7.02 (Vernon 1974).

■ The fourth ground of error was that the trial court should have allowed a continuance to secure the testimony of the co-defendant. Appellant previously had been granted two continuances on November 28, 1983, and December 12, 1983. The co-defendant, Jose Morino, was allegedly at an unknown location in Mexico. Tex.Code Crim.P.Ann. arts. 29.06 and 29.07 (Vernon 1966) provide that a motion for continuance must contain, *inter alia,* the facts which are expected to be proved by the witness, that it must appear to the court that such facts are material, and that the testimony cannot be proved from any other source known to the defendant. There is no such statement in appellant's motion for continuance under review here.

The fourth ground of error is overruled.

The trial court's judgment is affirmed.