## EDDIE HIRSCHBERG V. THE STATE.

### No. 10949.   Delivered October 5, 1927.

### Rehearing denied State November 23, 1927.

**1.—Robbery—Selection of Jury—Voir Dire Examination—Cannot Be Denied.**

In a bystander's bill, properly perfected and brought forward, appellant complains that he was denied the right of a voir dire examination of jurors tendered to him, in that the trial court refused to permit appellant to question jurors on their voir dire examination, except such questions as pertained to the case.

**2.—Same—Continued.**

The right to peremptorily challenge a juror carries with it the privilege of a voir dire examination of the jurors, for unless the accused can secure from the juror under oath facts which enable him to intelligently challenge the juror, the statute and Constitution which confers that right would be of no avail.   Any attempted encroachment upon the above constitutional provision or of statutory rights given the defendant, with respect to the selection of a jury, has uniformly met reversal by this court.   Following Plair v. State, 102 Tex. Crim. Rep. 628, and other cases cited.

#### ON REHEARING BY STATE.

**3.—Same—No Error Discovered.**

On rehearing by the state a review of the record leaves us of the opinion that the proper disposition has heretofore been made of the appeal.

Appeal from the Criminal District Court of Harris County. Tried below before the Hon. William Masterson, Judge.

Appeal from a conviction for robbery by assault, penalty ninety-nine years in the penitentiary.

The opinion states the case.

*Conrad E. Smith* of Houston, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MARTIN, JUDGE.—The offense is robbery by assault, and the punishment ninety-nine years.

Many questions are raised on this appeal, but we deem it unnecessary to discuss any of them except the matter presented by defendant's bystanders' bill of exception No. 1.   This shows, in substance, that counsel for the defendant had been furnished with a list of the petit jurors for the week and that opposite the name of the majority of them was placed the address and place of business of such juror.   Questions appear to have been asked by the trial judge and the answers taken down by the

court stenographer earlier in the week and such answers transcribed and handed to counsel for the purpose, ostensibly, of saving time. When counsel for the defendant began to interrogate Juror No. 1, he was stopped by the court and told that he could not ask any questions except about the case and that he had all of the other information before him on paper.

This bill of exception was filed after the court had refused to approve a bill prepared and presented by counsel for the defendant and after the court had filed one of his own. The bystanders' bill, which complies with the statute, was not contested and this court is bound by it in the state of this record. The question is thus presented as to whether or not the court denied the defendant any legal right in refusing to permit his counsel to interrogate the jurors with reference to matters other than those pertaining to the case.

The right of a public trial by an impartial jury and to be heard by counsel is guaranteed by Section 10 of the Bill of Rights. This old and wise provision of English jurisprudence has been vitalized and made effective by many statutory enactments. Jurors may be challenged for cause by reason of bias or prejudice or peremptorily without assigning any reason. Both of these important rights rest necessarily upon the privilege accorded defendant through his counsel of exploring the minds of prospective jurors for prejudice or bias pertaining to the defendant or his case and any other facts that might preclude a fair trial. The right to thus challenge carries with it impliedly, it would seem, the privilege of a voir dire examination of jurors. This, because the statute becomes a dead thing unless the defendant can secure from jurors under oath facts which enable him to intelligently challenge. Any attempted encroachment upon the above constitutional provision or of statutory rights given the defendant with respect to the selection of jurors has uniformly met reversal by this court. The cases of Plair v. State, 102 Tex. Crim. Rep. 628; Reich v. State, 94 Tex. Crim. Rep. 449, and Belcher v. State, 96 Tex. Crim. Rep. 383, and Dennis v. State, 101 Tex. Crim. Rep. 454, support the views herein announced, and many others of like character might be cited.

The record shows the defendant to be a Jew. The environment, affiliations and view point of a prospective juror as shown by a voir dire examination might become highly important in exercising the right of challenge. The examination, of course, to be within reasonable limits to the end that the orderly and

expeditious handling of the business of the court be not hindered or unduly interfered with.

Because, in our opinion, the said bill of exception shows error, this cause will be reversed and remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING BY STATE.

MORROW, PRESIDING JUDGE. — The state, on motion for rehearing, challenges the correctness of the conclusion stated in the original hearing. No matter or authority is presented which has not heretofore been considered by the court in the decision of this case. A review of the record leaves us of the opinion that the proper disposition has heretofore been made of the appeal.

The motion is overruled.                          *Overruled.*