Eugene CARTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 39828.

Court of Criminal Appeals of Texas.

Nov. 2, 1966.

Rehearing Denied Dec. 7, 1966.

J. Harlan Fleming, Fort Worth, for appellant.

Doug Crouch, Dist. Atty., Grady Hight, Asst. Dist. Atty., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Commissioner.

The offense is theft from the person; the punishment, enhanced under Art. 63, Vernon's Ann.P.C., by reason of two prior convictions for felonies less than capital alleged for enhancement, life imprisonment.

Trial was on November 18, 1965, and notice of appeal was given to this court on March 7, 1966.

Notice of appeal having been given after January 1, 1966, the preparation of the record on appeal is governed by the 1965 Code of Criminal Procedure. Ross v. State, Tex.Cr.App., 403 S.W.2d 138.

The record on appeal consists of a transcript of the proceeding in the cause certified to by the clerk, and a separate statement of facts of the evidence adduced upon the trial bearing the certificate of the official court reporter and approved by counsel for the state and the appellant and also approved by the trial court.

Such record is not in compliance with the requirements of Art. 40.09 of the 1965 Code that it be assembled under one cover and be approved by the trial court.

No brief is shown to have been filed by the appellant in the trial court pointing out the grounds of which he desired to complain on appeal, as required by Sec. 9 of Art. 40.09, supra.

While no grounds of error are presented by appellant for review, we shall consider as unassigned error—under Sec. 13 of Art. 40.09, supra—two contentions urged in his brief filed in this court which are of constitutional dimension.

■ The first contention is that the court erred in overruling appellant's motion to quash the indictment, on the ground that reading to the jury the allegations of the two prior convictions deprived him of due process of law as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States.

A similar contention has been by this court rejected in Crocker v. State, Tex.Cr. App., 385 S.W.2d 392, and the many cases there cited. See, also: Breen v. Beto, Fifth Circuit of Appeals, 341 F.2d 96; Stephens v. State, Tex.Cr.App., 377 S.W. 2d 189 (cited in Crocker, supra), Ex parte Stephens, Tex.Cr.App., 388 S.W.2d 199, cert. denied, Stephens v. Texas, 380 U.S. 980, 85 S.Ct. 1344, 14 L.Ed.2d 274.

■ The other contention is that the introduction in evidence of appellant's written confession, over objection, constituted a denial of due process because he was not granted the right to have counsel present before making and signing the same. In support of his contention appellant relies upon a statement in his confession introduced in evidence by the state, which reads: "I have been advised that I may call counsel if I wish and have chosen to do so," and upon the testimony adduced at the trial to the effect that he did not have counsel present when he made the confession.

Appellant concedes that the decision in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, has no application to his trial which began on November 18, 1965, but insists that the facts in the instant case go much further than those in Miranda and show that he was denied the right to consult with counsel prior to making the confession.

Appellant did not testify at the trial.

Officer J. B. Walls, to whom the confession was made, testified as follows:

"Q Was it you, or some other offi-cer, that advised him to get a lawyer? A I believe it was J. D. Roberts and myself, both; and I believe that Jack Bennett had also so advised him earlier.

"MR. FLEMING: Your Honor, we object to what he believes.

"THE COURT: Well, we don't want any speculation, Officer.. You either know it or your don't. A I know that I advised him that he could have a lawyer, and I know that Roberts did.

"Q (BY MR. GOODNIGHT) You know that Roberts did? A Yes sir.

"Q Did the *Defendant*, at the time you took his statement, tell you that he had talked to a lawyer? A He said that he had called one; yes.

"Q Did he ask that that lawyer be present during the taking of the statement? A No sir.

\* \* \* \* \* \*

"Q Now, it says down here: (Reading) 'I have been advised that I may call counsel if I wish and have chosen to do so.' \* \* \* Now, did you tell him that, that he could call counsel? A Yes sir.. I told him that he had the right to call counsel, and the right to contact a lawyer.

"Q. And he states here, that he chose to do so? A Yes sir.

"Q Did you allow him to call an attorney? A In lieu of this, he stated that he had already contacted his lawyer.

"Q At the time he told you he would like to call his attorney, did you allow him to call? A No sir.. He said he already had..

\* \* \* \* \* \*

"Q And this is part of his statement here: (Reading) 'I have been advised that I may call counsel if I wish and have chosen to do so.' \* \* \* Do you remember him saying that? A Yes sir.

**510**

"Q But there were no arrangements made for an attorney? A Not at that particular time.

"Q Even though he said he wanted to? A He also said that he had already contacted his lawyer.."

The record does not sustain appellant's contention that he was denied the right to consult with counsel prior to making the confession. The contention is overruled.

It should be noted that appellant's confession was made, signed, and introduced in evidence prior to January 1, 1966, and therefore was governed by the provisions of Art. 727 of the 1925 Code of Criminal Procedure rather than Art. 38.22 of the present 1965 Code. It was not necessary that appellant be immediately taken before a magistrate and receive the warning provided by Art. 15.17 of the 1965 Code before making the confession.

It is also observed that before admitting the confession in evidence, the trial court conducted a hearing in the absence of the jury and made an independent finding, duly entered of record, that the confesson was voluntary and made after due warning, and that appellant was not denied any of his constitutional rights under the laws of this State or of the United States. The court's action was in compliance with the procedure prescribed in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, and Lopez v. State, Tex. Cr.App., 384 S.W.2d 345.

The judgment entered by the court and sentence pronounced thereon find appellant guilty of the offense of robbery. The same are hereby reformed so as to show that he was adjudged guilty of the offense of theft from the person, a felony, as charged in the indictment and found by the jury.

As reformed, the judgment is affirmed.

Opinion approved by the court.