Eugene CARTER, Petitioner-Appellant,

v.

W. J. ESTELLE, Director, Texas Department of Corrections, Respondent-Appellee.

No. 74–3401.

United States Court of Appeals, Fifth Circuit.

Aug. 19, 1976.

---

William B. Clarkson, Houston, Tex. (court appointed), for petitioner-appellant.

John L. Hill, Atty. Gen., Merrill Finnell, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before GEWIN, DYER and ADAMS *, Circuit Judges.

PER CURIAM:

Appellant, Eugene Carter, was tried by a jury, convicted of theft from the person and given an enhanced life sentence under the Texas habitual offender act then in effect.[1] The conviction was affirmed on direct appeal, *Carter v. State*, 408 S.W.2d 507 (Tex. Crim.App.1966), and habeas corpus relief was later denied by the Texas state courts. Subsequently, he petitioned the federal district court for similar relief. His petition attacked his conviction and confinement on the following four grounds: (1) evidence of his prior convictions was erroneously admitted during his bifurcated trial to determine guilt or innocence; (2) an illegally obtained confession was used against him; (3) he

was denied effective assistance of counsel;[2] and (4) he was denied due process of law when tried before the jury in jail attire. We affirm the district court's dismissal of appellant's petition.

The first two grounds for relief were thoroughly considered and properly disposed of on direct appeal. As noted in appellant's brief, the first issue, which concerns evidence of his prior convictions, has been decided adversely to his position by the Supreme Court in *Spencer v. Texas*, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967).

With regard to the legality of the confession, we look to *Escobedo v. Illinois*, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964).[3] There the Court said:

We hold, therefore, that where, as here, the investigation is no longer a general inquiry into an unsolved crime but has begun to focus on a particular suspect, the suspect has been taken into police custody, the police carry out a process of interrogations that lends itself to eliciting incriminating statements, *the suspect has requested and been denied an opportunity to consult with his lawyer*, and the police have not effectively warned him of his absolute constitutional right to remain silent, the accused has been denied "the Assistance of Counsel" in violation of the Sixth Amendment to the Constitution as "made obligatory upon the States by the Fourteenth Amendment," [citation omitted] and that no statement elicited by the police during the interrogation may be used against him at a criminal trial.

*Id.* at 490–91, 84 S.Ct. at 1765, 12 L.Ed.2d at 986 (emphasis added).

The record before us evidences a factual dispute over whether the above-emphasized requirement of the *Escobedo* decision is present in this case. The dispute concerns

---

* Of the Third Circuit, sitting by designation.

1. Whoever shall have been three times convicted of a felony less than capital shall on such third conviction be imprisoned for life in the penitentiary.

Art. 63, Vernon's Ann.P.C., *repealed*, Texas Laws 1973, 63d Leg., p. 883, ch. 339, § 3(a).

2. This ground was abandoned on appeal.

3. Appellant's arrest and interrogation occurred subsequent to the Supreme Court decision in *Escobedo*, June 22, 1964, but prior to the Court's June 13, 1966 decision in *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

the portion of Carter's confession that stated, "I have been advised that I may call counsel if I wish and have chosen to do so." It is the contention of the appellant that, notwithstanding this statement, he was denied the right to see an attorney and was not warned of his right to remain silent. These contentions were controverted at trial by the testimony of the interrogating officer:

Q  Now it says here: (Reading) "I have been advised that I may call counsel if I wish and have chosen to do so." . . . Now, did you tell him that, that he could call counsel?

A  Yes sir . . . I told him he had the right to call counsel, and the right to contact a lawyer.

Q  And he states here, that he chose to do so?

A  Yes sir.

Q  Did you allow him to call an attorney?

A  In lieu of this he stated that he had already contacted his lawyer.

Q  At the time he told you he would like to call his attorney, did you allow him to call?

A  No sir . . . He said he already had.

Trial Record at p. 32. The record also contains testimony that the appellant was advised that he was not required to make a statement and that any statement made by him must be voluntary. (Trial Record at p. 40.) Hence, there is substantial, credible evidence in the record supporting the conclusion of the state courts, and the court below, that Carter's confession was not tainted. We conclude, therefore, that the trial court's admission of the confession and the state appellate court's affirmance of that decision were not in error. *Jackson v. Denno*, 378 U.S. 368, 378, 84 S.Ct. 1774, 1781, 12 L.Ed.2d 908, 916–17 (1964).

 The final question on appeal concerns appellant's claim that he was denied due process of law when tried before a jury in jail attire. That contention is controlled by the Supreme Court's decision in *Estelle v. Williams*, ——— U.S. ———, 96 S.Ct. 1691, 48 L.Ed.2d 126, 44 U.S.L.W. 4609 (1976).[4] In *Williams*, the Court refused to establish a *per se* rule invalidating every conviction in which the defendant was dressed in jail attire. Instead, it looked to the element of compulsion in the defendant's manner of dress. The Court succinctly stated:

> The reason for this judicial focus upon compulsion is simple; instances frequently arise where a defendant prefers to stand trial before his peers in prison garments. . . . it is not an uncommon defense tactic to produce the defendant in jail clothes in the hope of eliciting sympathy from the jury.

*Id.* at ———, 96 S.Ct. at 1695, 44 U.S.L.W. at 4611–12.

It is not clear from the record whether Carter was in fact tried in jail attire. What is clear is that he failed to raise any objection at trial regarding his manner of dress. We find this omission dispositive of the issue, for assuming *arguendo* that he was tried while wearing jail attire, the decision in *Williams* compels a ruling adverse to his contention:

> Accordingly, although the State cannot, consistent with the Fourteenth Amendment, compel an accused to stand trial before a jury while dressed in identifiable prison clothes, the failure to make an objection to the court as to being tried in such clothes, for whatever reason, is sufficient to negate the presence of compulsion necessary to establish a constitutional violation.

At ———, 96 S.Ct. at 1697, 44 U.S.L.W. at 4613.

The judgment is AFFIRMED.

---

**4.** This case was orally argued on April 16, 1975. At that time *Estelle v. Williams* was pending before the Supreme Court. Our decision was delayed pending the decision in that case.