**Alvin Lee CLARK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 61641.**

Court of Criminal Appeals of Texas, Panel No. 2.

Nov. 26, 1980.

---

Art Brender, Fort Worth, for appellant.

Tim Curry, Dist. Atty., William Kane, Howard Borg and J. Michael Worley, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

Before DALLY, W. C. DAVIS and CLINTON, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for the offense of burglary. The punishment, which was enhanced by one prior felony conviction, is imprisonment for six and one–half years.

In view of our resolution of appellant's first two grounds of error, we need not discuss the other matters raised in his brief.

In two grounds of error the appellant contends that his voir dire examination of the jury was unduly restricted to the extent that he could not exercise intelligently his right to make peremptory challenges and thus he was deprived of the effective assistance of counsel guaranteed by the Federal and State constitutions. He argues that the court erred in not permitting him enough time to individually examine prospective jurors and in not permitting him to ascertain whether the jury panel had from hearsay evidence or otherwise formed a conclusion as to his guilt or innocence that would influence them in finding a verdict.

The record reflects that the court propounded two questions to the jury panel: whether any juror was physically unfit to serve and whether juror had been previous-ly convicted of or was presently under an indictment for a felony offense. The remainder of the court's voir dire consisted of introduction of the court personnel and individual questioning of each juror about his family, marital status, occupation, and religious preference. The court did not utilize juror information sheets.

At the conclusion of the court's voir dire, the State was given thirty minutes to conduct its voir dire and thereafter concluded the examination in less than the allotted time. Appellant then propounded these questions to the jury panel: whether any juror would be prejudiced by the fact that appellant was too poor to hire an attorney, whether any juror had physical defects or family situations that needed to be brought to the court's attention, whether any juror was acquainted with the police officers or related to anyone connected with law enforcement, whether any juror was acquainted with the prosecutor or other personnel in that office, whether any juror had prior grand jury service or service on a crime commission, and whether any juror had ever been a complaining witness in a trial. Appellant received numerous affirmative responses to many of these questions requiring him to expend further time in examining each prospective juror so responding.

While appellant was then questioning the jury panel on the law concerning the burden of proof, he was informed by the court that he had only two minutes to complete his voir dire. Thereafter, he propounded to the jury panel questions on certain principles of law having to do with the voluntariness of a confession, the credibility of a police officer's testimony, the assessment of minimum punishment, the law of parties, and the effect of a prior conviction on the verdict. This questioning was allowed to extend an additional eight minutes at which time the court then precluded any further interrogation.

Appellant objected to the court's limitation of his voir dire and offered a Bill of Exceptions that included these questions:

"... whether or not each of the jurors could give the accused a fair trial and whether or not ... they had such from hearsay evidence or otherwise such a conclusion as to the guilt or innocence of the Defendant that would influence them in finding a verdict."

Appellant further excepted that because of the limitation he was denied an opportunity to question particular jurors about their qualifications, that he was neither aware of a thirty minute time limitation prior to the start of his voir dire nor had he anticipated such a limitation, and that as a result of the court's action he was precluded from intelligently exercising his peremptory challenges.

The court, before overruling appellant's Bill of Exceptions, qualified it as follows: "I will qualify the Bill by saying at the commencement of voir dire the Court informed the panel and counsel for both sides that the jurors were chosen by the Court conducting voir dire on individual voir dire of the jurors on certain limited basis and Counsel for each side would get thirty minutes to interrogate. The Court kept time and Counsel for the State used twenty–five minutes for voir dire and two minutes before the thirty minutes were up the interrogation of the panel by Counsel for the Defendant, the Court so informed the Counsel; he requested additional time and the Court granted some eight minutes more time than the original thirty minutes . . . ."

■ The conduct of voir dire examination rests within the sound discretion of the trial court, *Moore v. State*, 542 S.W.2d 664 (Tex.Cr.App.1976); *Hernandez v. State*, 506 S.W.2d 884 (Tex.Cr.App.1974); *Weaver v. State*, 476 S.W.2d 326 (Tex.Cr.App.1972), and that only abuse of such discretion will call for reversal on appeal. *Battie v. State*, 551 S.W.2d 401 (Tex.Cr.App.1977); *Smith v. State*, 513 S.W.2d 823 (Tex.Cr.App.1974); *Kincaid v. State*, 281 S.W. 855 (Tex.Cr.App. 1926). A trial court may, therefore, impose reasonable restrictions on the exercise of voir dire examination. See *McManus v. State*, 591 S.W.2d 505 (Tex.Cr.App.1979);

*O'Bryan v. State*, 591 S.W.2d 464 (Tex.Cr. App.1979); *Emanus v. State*, 526 S.W.2d 806 (Tex.Cr.App.1975); *Smith v. State*, supra.

■ One such reasonable restriction concerns time limitations and we reiterate that reasonable time limits may, within the trial court's discretion, be placed on the voir dire examination. *Abron v. State*, 523 S.W.2d 405 (Tex.Cr.App.1975); *Barrett v. State*, 516 S.W.2d 181 (Tex.Cr.App.1974); *De La Rosa v. State*, 414 S.W.2d 668 (Tex.Cr.App. 1967). The issue presented, therefore, is whether the court abused its discretion in the time limitation which was imposed in this voir dire examination.

Appellant relies on *De La Rosa v. State*, supra, an appeal from a drug conviction, wherein this Court found that a thirty minute time limit on the defendant's voir dire was an "unrealistic time limitation." Two factors influenced this decision: (1) the defendant's voir dire examination revealed no attempt to prolong the voir dire as his questions did not appear to be irrelevant, immaterial, or unnecessarily repetitious; and (2) the questions that the defendant was not permitted to ask members of the panel were proper voir dire questions.

The State, however, relies on *Barrett v. State*, supra, an appeal from an aggravated assault conviction, wherein this Court found that a thirty minute time limitation on the defendant's voir dire was reasonable and it is the State's contention that a time limitation, therefore, in and of itself, is not conclusive on the issue. We agree. However, in view of the two factors stated in *De La Rosa*, these cases are distinguishable. In *De La Rosa*, the defendant's counsel addressed only a few remarks to the jury panel as a whole and then moved directly into questioning members of the panel whereas in *Barrett*, the defendant's counsel spoke to the panel for twenty-one minutes on general principles of law applicable to the case and only then began to ask questions of the jury panel. Also, in *De La Rosa*, the defendant's counsel proposed to propound fifteen specific questions to the panel all deemed to be proper voir dire

questions whereas in *Barrett*, the defendant's counsel sought to indefinitely extend the voir dire proceedings by proposing to propound an unspecified number of additional questions to the panel.

In the instant case, as in *De La Rosa*, upon review of appellant's voir dire examination, we find no attempt to merely prolong the voir dire as his questions appeared to be relevant, material, and necessary to aid him in intelligently exercising his peremptory challenges. Therefore, the focus of our inquiry must shift to the propriety of the questions that appellant was not permitted to ask the panel.

One of the appellant's questions sought to be propounded was as follows:

"Whether or not they had such from hearsay evidence or otherwise such a conclusion as to the guilt or innocence of the Defendant that would influence them in finding a verdict?"

In *Mathis v. State*, 576 S.W.2d 835 (Tex.Cr.App.1979), it was said:

"The right to be represented by counsel, guaranteed by Article 1, Section 10 of the Texas Constitution, encompasses the right of counsel to question the members of the jury panel in order to intelligently exercise his peremptory challenges. *Mathis v. State*, 167 Tex.Cr.R. 627, 322 S.W.2d 629 (1959); *De La Rosa v. State*, 414 S.W.2d 668 (Tex.Cr.App.1967); *Burkett v. State*, 516 S.W.2d 147 (Tex.Cr.App. 1974); *Hernandez v. State*, 508 S.W.2d 853 (Tex.Cr.App.1974); *Abron v. State*, 523 S.W.2d 405 (Tex.Cr.App.1975). The trial court, in its sound discretion, can and should control the voir dire examination of the venire; however, the permissible areas of questioning the panel in order to exercise peremptory challenges are broad and cannot be unnecessarily limited. *Smith v. State*, 513 S.W.2d 823 (Tex.Cr.App.1974)."

■ The decision as to the propriety of a particular question is therefore left to the trial court's discretion and only abuse of such discretion will call for reversal on appeal. *Battie v. State*, supra; *Smith v. State*, supra. The discretion is abused when a proper question about a proper area of inquiry is prohibited. *Smith v. State*, supra.

■ A formed conclusion about the guilt or innocence of a defendant that would influence a juror's verdict is a proper area of inquiry for both challenges for cause and peremptory challenges. See Art. 35.16(a), Sec. 9, V.A.C.C.P., Challenge for Cause. Moreover, appellant's question was a proper attempt to inquire into this area for purposes of intelligently exercising a peremptory challenge.

In view of the trial court's arbitrary time limitation on appellant's voir dire which consisted almost entirely of relevant, material, and necessary questions, and in view of the trial court's refusal to allow appellant to ask a proper question about a proper area of inquiry, we conclude that the court erred in depriving appellant of a valuable right to intelligently exercise his peremptory challenges and thus abused its discretion.

The State further contends that error, if any, was harmless error because appellant failed to show harm. We reiterate that when a question is asked for the purpose of exercising peremptory challenges, if the question is proper, an answer denied prevents intelligent use of the peremptory challenge and harm is shown. *Mathis v. State*, supra; *Trevino v. State*, 572 S.W.2d 336 (Tex.Cr.App.1978); *Smith v. State*, supra.

The judgment is reversed and the cause remanded.