Frank GONZALES, Jr., Appellant,

v.

STATE of Texas, Appellee.

No. 13–81–102–CR.

Court of Appeals of Texas, Corpus Christi.

June 30, 1982.

Donald B. Dailey, Jr., Tinker & Tor, Corpus Christi, for appellant.

Wm. B. Mobley, Jr., Dist. Atty., Corpus Christi, for appellee.

Before BISSETT, UTTER and KENNEDY, JJ.

## OPINION

KENNEDY, Justice.

Appeal is taken from conviction for aggravated assault for which the punishment assessed, enhanced by two prior felony convictions, was life imprisonment.[1] We find merit in appellant's first two grounds of error, and reverse the conviction.

During voir dire examination, appellant's counsel asked whether any of the prospective jurors had ever served on a grand jury. The State's objection to the question was sustained. Appellant contends that such ruling by the trial court constituted an abuse of discretion, and violated his right to be represented by counsel as guaranteed by Article 1, Section 10 of the Texas Constitution. We agree.

Said constitutional right includes the right of counsel to question the members of the jury panel in order to intelligently exercise his peremptory challenges. *Mathis v. State*, 576 S.W.2d 835, 836 (Tex. Cr.App.1979). While it is within the discretion of the trial court to control the exercise of that right, such control should not be exercised unnecessarily as the permissible areas of questioning a panel in order to utilize peremptory challenges are broad. Id. When the question sought to be propounded is for the purpose of exercising peremptory strikes, and is denied, the test for determining whether reversible error has been committed is very simple: Was the question proper?

"If the question is proper, an answer denied prevents intelligent use of the peremptory challenge and harm is shown." *Mathis*, supra, at 837.

Thus, given a proper question, there does not appear to be such a thing as harmless error. See *Clark v. State*, 608 S.W.2d 667, 670 (Tex.Cr.App.1980).

In *Clark*, the Court noted a series of questions asked of the jury panel, included amongst which was whether any juror had any prior grand jury experience. 608 S.W.2d at 868. The Court then remarked that the questions put to the panel "appeared to be relevant, material, and necessary to aid [counsel] in intelligently exercising his peremptory challenges." Id. at 870. While the propriety of the instant question was not directly in issue in that case, the implication of the Court's observation is perfectly clear, and we will take our lead therefrom.

We hold that the trial court erred in refusing to allow appellant to question the prospective jurors regarding prior grand jury service. The conviction is REVERSED, and the case REMANDED.

---

1. Tex.Penal Code Ann. § 12.42 (Vernon's 1974)