James B. WHITAKER, Appellant,

v.

STATE of Texas, Appellee.

No. 2306cr.
13–81–295–CR.

Court of Appeals of Texas,
Corpus Christi.

Aug. 26, 1982.

Discretionary Review Granted
Jan. 12, 1983.

---

**2.** This section of the Texas Penal Code, Sec. 43.21(1), was amended on September 1, 1979.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before BISSETT, UTTER and KENNEDY, JJ.

## OPINION

UTTER, Justice.

This is an appeal from a conviction for possession of methamphetamine. Following a jury verdict of guilty, the trial court assessed punishment at six years probation and a $1,000.00 fine. Appellant raises six grounds of error. In view of our resolution of the first ground, it is unnecessary to discuss the remaining five.

Appellant complains in his initial ground of error of the trial court's failure to allow him to continue individual questioning of the veniremen. The record reflects that the trial court instructed the jury generally on the law pertaining to the case and then limited each side to a forty-five minute voir dire. The prosecution finished its voir dire within the alotted time but the defense was not able to do so. The judge then allowed the appellant an additional five minutes. Defense counsel was still unable to complete the voir dire examination beyond the twenty-fifth panel member. Defense counsel requested to question the remainder of the panel which request was denied; requested to make a bill of exceptions as to the remaining panel members which was also denied; and tendered a list of fifteen proposed areas of question as a defense exhibit. The record reflects that while appellant's counsel did not ask all of the examined panel members questions pertaining to each area, appellant's counsel covered all areas through voir dire of the twenty-five jurors whom he did examine. The record also shows that appellant's counsel asked only pertinent questions of each juror.

The Court of Criminal Appeals has long held that an arbitrary limitation of voir dire is not to be condoned. *Barrett v. State,* 516 S.W.2d 181 (Tex.Crim.App.1974); *See Roy v. State,* 627 S.W.2d 488 (Tex.App. —Houston [1st Dist.] 1981, no pet.). How-

Ken J. McLean, Houston, for appellant.

ever, the conduct of voir dire rests within the sound discretion of the trial court and only an abuse of discretion will call for reversal on appeal. The trial court may impose reasonable restrictions on voir dire including reasonable time limitations. *Clark v. State*, 608 S.W.2d 667 (Tex.Cr.App. 1980). Part of the right to effective assistance of counsel encompasses the right of counsel to ask questions of the jury panel so that he can intelligently use his peremptory challenges. In this regard, the defendant cannot be precluded from asking traditional voir dire questions just because the court and prosecution have asked them. *Mathis v. State*, 576 S.W.2d 835 (Tex.Cr.App.1979).

The two primary cases on this point are *Barrett v. State, supra,* and *De La Rosa v. State,* 414 S.W.2d 668 (Tex.Cr.App.1967). In both cases the judge gave each side thirty minutes to voir dire the jury. In *De La Rosa,* the defendant objected to this time limitation and asked to be allowed to ask each prospective juror a list of fifteen proper voir dire questions which he set out in a motion and presented to the trial court. The defendant only completed voir dire through the sixteenth juror when he was told he had five minutes to exercise his strikes. His request to continue the voir dire examination was denied. The defendant's request to perfect a bill of exceptions to show what the juryman's answers would have been was also denied. The Court of Criminal Appeals held this was an unreasonable limitation of voir dire examination. By contrast, in *Barrett,* the defendant's attorney objected to the thirty minute restriction on voir dire; spent twenty-one of his thirty minutes explaining the law to the jury and tendered to the court 26 pages of single-spaced questions, many of which were irrelevant. The Court held that under these circumstances the trial court did not abuse its discretion in limiting voir dire examination.

■ The instant case is more closely analogous to *De La Rosa.* The fifty minutes total time divided among the twenty-five jurors actually interviewed on voir dire averages only two minutes per juror and

such time limitation is certainly unreasonable as applied to a panel of thirty-two. As in *De La Rosa,* the record indicates no attempt on the part of appellant's counsel to prolong the voir dire; no objections by the state as to appellant's questions other than to form; and that none of the questions asked were irrelevant, or were immaterial or were unnecessarily repetitious. *De La Rosa* at 671.

Appellant's first ground of error is sustained and the cause REVERSED AND REMANDED for new trial.