Jack Pollard HOPPER, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–93–00533–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

July 14, 1994.

Rehearing Denied Sept. 1, 1994.

William J. Delmore, Houston, for appellant.

R.P. Cornelius, Houston, for appellee.

Before SEARS, LEE and BARRON, JJ.

## OPINION

SEARS, Justice.

Appellant was found guilty by a jury of driving while intoxicated. The court assessed punishment at 90 days confinement in jail, probated for two years, and a five hundred dollar fine. Appellant filed a motion for new trial alleging prosecutorial misconduct. In his sole point of error, Appellant claims that the trial court erred in denying his motion. We affirm.

■ David Wade, an assistant district attorney for Harris County, was the chief prosecutor in County Criminal Court at Law No. 4 when Appellant's case was tried. Although Wade did not participate in the trial, he attended about ninety percent of the proceedings to evaluate another prosecutor's performance. During voir dire, Appellant's trial counsel asked the panel if there was "anything else" anyone of them felt that the attorneys and court "need to know." Bill Blackmon volunteered that he had been an assistant district attorney for Harris County and that he knew David Wade. He stated that his experience would not impair his ability to be impartial and hear the case. Neither Mr. Blackmon nor Mr. Wade disclosed the fact that they had *shared an office* when Mr. Blackmon had worked for the District Attorney. Appellant's trial counsel did not strike Mr. Blackmon because he believed that the State would exercise a strike on Mr. Blackmon since Mr. Blackmon was now a defense attorney. Instead, Mr. Blackmon was seated on the jury and became the foreperson. .

In his motion for new trial, Appellant claimed that Mr. Wade had a duty to come forward and disclose the fact that he and Mr. Blackmon had once shared an office. Appellant's trial counsel testified that if he had known that Wade and Blackmon had shared an office, he would have struck Blackmon. The trial court stated "had Mr. Wade had a significant role in this case, I would give you some credence, but his sole job in this case was to particularly grade the paper of a DA who tried the case; he was just an observer." The court then overruled Appellant's motion for new trial.

To prevail on appeal, Appellant must show that the trial court's ruling on the motion for new trial constitutes an abuse of discretion. *Tate v. State*, 834 S.W.2d 566, 570 (Tex.App.—Houston [1st Dist.] 1992, pet ref'd). It is true that the voir dire process is designed to produce an intelligent, impartial and truthful jury. *De La Rosa v. State*, 414 S.W.2d 668 (Tex.Crim.App.1967). However, Appellant can provide this Court with no authority imposing a duty on the prosecuting attorney to *volunteer* information which may aid the jury selection process. In fact, the Texarkana Court of Appeals in *Armstrong v. State*, 850 S.W.2d 230 (Tex.App.—Texarkana 1993, pet granted), has held that there is *no* duty by the prosecuting attorney to volunteer information which a defense attorney can obtain through routine questioning. However, even if such a duty existed, the trial court in this case found that Mr. Wade was no more than an "observer" and did not participate in the trial. Mr. Wade was not the "prosecuting attorney" on the case. The credibility of the witnesses and the truth of the evidence presented at the motion for new trial are matters to be determined by the trial judge. *Todd v. State*, 601 S.W.2d 718, 721 (Tex.Crim.App.1980).

It is the defense attorney's duty to ask questions calculated to bring out the information which may indicate a juror's inability to be impartial. *Jones v. State*, 596 S.W.2d 134, 137 (Tex.Crim.App.1980). Appellant's trial counsel did not ask Mr. Blackmon any questions after Mr. Blackmon volunteered the information that he was acquainted with Mr. Wade. It was trial counsel's responsibility to determine the significance of that relationship and how it might affect Mr. Blackmon's biases. Under these facts, we hold that the trial court properly denied the motion for new trial. Appellant's point of error is overruled and the judgment of the trial court is affirmed.