COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| | § | |
| FRANCISCO JAVIER DE LA ROSA, | | No. 08-09-00310-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | County Court at Law No. 7 |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC # 20080C00630) |
| | § | |

## **O P I N I O N**

Francisco Javier De La Rosa appeals his conviction for driving while intoxicated. A jury found him guilty and the trial court assessed punishment at 365 days in the El Paso County Jail but suspended imposition of the sentence and placed him on community supervision for a period of eighteen months. Appellant brings two issues for review, complaining that trial court erred in overruling his objections to a demonstrative slide displayed by the State during voir dire and closing argument. For the reasons that follow, we affirm.

### **FACTUAL SUMMARY**

Appellant was charged by information with the offense of driving while intoxicated. He pled not guilty to the charge. At trial, Officer Flores testified that on December 29, 2007, while running a stationary radar, he noticed a silver Toyota pickup speeding down the street. Flores confirmed his visual observation with a radar reading which indicated the truck was traveling at 50 m.p.h. in a 35 m.p.h. zone. He activated his overhead lights and initiated a traffic stop. A car-cam video of the stop was admitted into evidence.

According to Officer Flores, Appellant pulled over and "jumped out of the vehicle right

away." Flores approached him, advised him of the reason for the stop, and asked for his driver's license. A strong odor of alcohol emanated from Appellant's "breath and person" and his eyes were red and glassy. Appellant swayed slightly and his speech was "slow, slurred and mumbled." Appellant admitted he had consumed three beers earlier that night.

Officer Flores then conducted Standard Field Sobriety Tests (SFSTs). First, he conducted the Horizontal Gaze Nystagmus Test and observed Appellant exhibited six out of six clues. On the walk and turn test, Appellant started too soon, lost his balance, failed to walk heel-to-toe as instructed, used his arms for balance, and stopped early. Finally, Officer Flores conducted the one leg stand test, and Appellant demonstrated three out of four clues. Appellant was then arrested for driving while intoxicated.

Officer Bowden arrived on the scene during the SFSTs. After Appellant was arrested, Bowden transported him to the police station. He noticed a strong odor of alcohol, blood-shot eyes, and that Appellant had difficulty maintaining his balance while walking. Although Appellant initially agreed to a breath test, he later refused.

The charge explained that, "[o]ur law provides that a person commits the offense of driving while intoxicated if the person is intoxicated while operating a motor vehicle in a public place." In relevant part, it defined the term "intoxicated" as "when such person does not have the normal use of physical or mental faculties by reason of the introduction of alcohol into the body."

**THE NATURE OF THE SLIDE**

Both issues for review address Appellant's objections to the State's use of a demonstrative slide entitled "Intoxication Continuum:"

---

**INTOXICATION CONTINUUM**

| SLIGHTLY INTOXICATED | VERY INTOXICATED | EXTREMELY INTOXICATED |
|---|---|---|
| CAN DO MANY THINGS WELL | CAN DO SOME THINGS WELL | CAN'T DO ANYTHING WELL |

NORMAL

INTOXICATED
LAW PROHIBITS DRIVING AT ANY LEVEL OF INTOXICATION

---

Issue One relates to the State's use of the slide during voir dire while the second issue concerns usage of the slide during closing arguments.

Appellant contends the slide misstated the law with respect to the definition of intoxication because it replaced the statutory definition of intoxicated as contained in the jury charge--not having normal use of mental and physical faculties--by re-defining intoxicated as "can do many things or some things well." Simply stated, he claims this attempt to re-define "loss of normal use" deprived him of his constitutional right to a fair trial. He also argues that the severity of the error favors reversal because it allowed the jury to convict on an incorrect understanding of the law applicable to a fundamental aspect of the State's burden of proof.

In Texas, a person commits the offense of driving while intoxicated if that person "is intoxicated while operating a motor vehicle in a public place." TEX.PEN.CODE ANN. § 49.04 (West

2003). "Intoxicated" is defined in the Penal Code as follows:

(2) 'Intoxicated' means:

(A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body; or

(B) having an alcohol concentration of 0.08 or more.

TEX.PEN.CODE ANN. § 49.01(2).

## VOIR DIRE

During voir dire, the prosecutor told the jury that the State could prove a person is legally intoxicated by any one of three ways: (1) because of the introduction of alcohol into the body that person has lost the normal use of their *mental* faculties; (2) by the reason of the introduction of alcohol into the body that person has lost the normal use of their *physical* faculties; or (3) the person has a blood alcohol concentration of .08 or higher. Using the slide, the prosecutor explained that a person is intoxicated after he has lost the normal use of mental or physical faculties. Defense counsel repeatedly objected:

STATE: So intoxication, any loss of abilities is not normal. Okay?

DEFENSE: I'm going to -- I'm going to object, Your Honor. That's a misstatement of the law.

The statute does not say that, Your Honor. No where in the Penal Code is it going to say that. No where on your jury charge instructions is going to say that.

I sure would hate for the jury to be told something that's not the law, Your Honor. Because if they get picked to be on the jury panel they're going to [be] poisoned already.

THE COURT: Thank you. Members of the jury panel, if you are selected to serve as a juror, what will happen is you will be given specific instructions from me as to what the applicable standards are. You will be given those instructions both in writing and orally.

At this stage of the proceeding anything that the lawyers say you should not consider to be the law. I will allow the lawyers to ask some questions as to what they believe the law to be, but anything that they say is not the law.

So what they are putting on the screen or what they are telling you at this point they're allowed to put on the screen or ask you about because they've got a wide range of discretion to inquire into your views. But the law is the law you will get from the Court if you are selected as a juror when you receive the Court's charge.

Thank you. You may continue.

STATE: Thank you, Your Honor.

All right. Let's go with that. Loss of the normal use of your mental and physical faculties. Okay? And this is out of the Penal Code. I want you to notice it doesn't say a ten percent loss, a 20 percent loss or a 50 percent loss. It just says loss. A loss. No matter how big or how small. The loss of your mental and physical faculties is legal intoxication.

DEFENSE: I'm going to object, Your Honor. It says loss of normal use of.

THE COURT: Okay.

DEFENSE: You have to read the whole sentence, not just one word.

THE COURT: Okay. The sentence is up there. The jury can read it. And I'll overrule that objection.

STATE: So therefore, even a slight loss of your normal mental and physical faculties is intoxication. Those are the words.

Sometimes it's easier if we put it in a little bit of a continuum. Okay. Here we go. Someone has been drinking. It doesn't matter how many beers. More than one, 15, 25, I don't know. Okay?

So we'll just say that this line right here is normal. If you're driving, anything before that point you're fine. If you go beyond this point that's where you're breaking the law. And there's going to be --

DEFENSE: Again, Judge, I'm going to -- just for the record Judge -- maybe I -- maybe I could put it on the record later, Your Honor, later on after this. But this thing that -- this exhibit that the prosecutor is putting up is a misstatement of the law, Your Honor.

THE COURT: Okay.

DEFENSE: And I'd like the opportunity to put this on the record at a later time, Your Honor.

THE COURT: You'll be given that opportunity. At this point your objection is overruled.

*Standard of Review*

A trial court has broad discretion over the process of voir dire. *Barajas v. State*, 93 S.W.3d 36, 38 (Tex.Crim.App. 2002); *Martinez v. State*, 867 S.W.2d 30, 35 (Tex.Crim.App. 1993), *cert. denied*, 512 U.S. 1246, 114 S.Ct. 2765, 129 L.Ed.2d. 879 (1994); *Allridge v. State*, 762 S.W.2d 146, 167 (Tex.Crim.App. 1988), *cert. denied*, 489 U.S. 1040, 109 S.Ct. 1176, 103 L.Ed.2d. 238 (1989); *Clark v. State*, 608 S.W.2d 667, 669 (Tex.Crim.App. 1980). The decision to allow or restrict voir dire may only be reviewed to determine whether the trial court's action constituted an abuse of discretion. *Barajas*, 93 S.W.3d at 38; *Martinez*, 867 S.W.2d at 35; *Allridge*, 762 S.W.2d at 163; *Pineda v. State*, 2 S.W.3d 1, 10 (Tex.App.--Houston [1st Dist.] 1999, pet. ref'd).

*Analysis*

Generally, a prosecutor's statements during voir dire will not constitute error unless they are contrary to the court's charge. *Hernandez v. State*, 107 S.W.3d 41, 51 (Tex.App.--San Antonio 2003, pet. ref'd); *Wilder v. State*, 111 S.W.3d 249, 253 (Tex.App.--Texarkana 2003, pet. ref'd). As the reviewing court, we must presume the jury followed the trial court's instructions and admonishments. *Thrift v. State*, 176 S.W.3d 221, 224 (Tex.Crim.App. 2005); *Hernandez*, 107 S.W.3d at 51.

Appellant argues that because the term "intoxicated" is statutorily defined as "not having the normal use of mental or physical faculties," it was improper for the State to redefine the term as "can do many things or some things well." In support of his position, Appellant directs us to *Murphy v.*

*State*, 44 S.W.3d 656 (Tex.App.--Austin 2001, no pet.) and *Anderson v. State*, 774 S.W.2d 733, 735 (Tex.App.--Houston [14th Dist.] 1989, no writ). Both cases are distinguishable. In *Murphy*, the court of appeals reversed a DWI conviction where the trial court included an extensive definition of the term "normal use" in the jury charge. *See Murphy*, 44 S.W.3d at 661. The court concluded that the definition was "confusing, misleading, and a misstatement of the law," and held that such error required reversal in part because of the emphasis the prosecutor placed on it during closing argument. *Id.* at 664-66. In *Anderson*, the charge included a paraphrase of both old and new statutory definitions of "intoxicated." *See Anderson*, 774 S.W.2d at 734-35. The court of appeals found that the charge constituted an erroneous statement of the law. *Id.* The error was harmful because:

> [T]he improper inclusion of an alternate or additional test for intoxication in the jury charge created confusion beyond reasonable doubt.

*Id.* at 735. Unlike in *Murphy* and *Anderson*, the alleged misstatement here was printed on a demonstrative aid, not in the jury charge. There is no allegation of charge error.

But these facts are similar to two unpublished opinions of this court. *See Sotelo v. State*, No. 08-07-00095-CR, 2009 WL 2343134, at *3 (Tex.App.--El Paso July 29, 2009, no pet.)(not designated for publication) and *Burmeister v. State*, No. 08-06-00218-CR, 2008 WL 274824, *1 (Tex.App.--El Paso Jan. 31, 2008, no pet.)(not designated for publication). In *Sotelo*, the prosecutor attempted to paraphrase the definition of "intoxicated":

> So drunk is not equal to intoxicated. Okay. And I will give you a technical reason for that. Intoxicated is what we call a term of art. There is a definition. It's not drunk. The definition, to paraphrase, intoxication actually is going to mean impaired.

*Sotelo*, 2009 WL 2343134, at *3. The trial court overruled a defense objection but instructed the jury that:

> [Y]ou will get all the definitions from me at the end of the trial. So the lawyers are trying to phrase things in order to ask you some questions but the law you're going to get you're going to get from me.

*Id*. at *4. The prosecutor continued, emphasizing that intoxication means impaired and not drunk.

*Id*. On appeal, Sotelo argued that the prosecutor misstated the law and violated his constitutional right to a fair trial. *Id*. at *3. This court found that although the word "impairment" does not appear in the statutory definition of "intoxicated," the prosecutor's statements where not contrary to the court's charge which defined "intoxicated" to mean that a person does not have the normal use of his physical or mental faculties by reason of introduction of alcohol into the body. *Id*. at *4.

Similarly, in *Burmeister*, the defendant objected to the prosecutor's use of the word "impairment" rather than "intoxicated." *Burmeister,* 2008 WL 274824, at *3. This court found that although the word "impairment" is not contained in the Penal Code's definition of "intoxicated," the prosecutor's statements were not contrary to the court's charge:

> [t]he court's charge in this case explained that a person is 'intoxicated' when that person does not have the normal use of his physical or mental faculties by reason of the introduction of alcohol. Stating that a person in such a state is 'impaired' is not contrary to the charge, and is supported by the Texas Penal Code and Texas case law.

*Id*. We also noted that Burmeister provided no evidence that the jury failed to follow the court's charge. *Id*. at *4.

Finally, in *Downs v. State*, No. 14-96-01191-CR, 1998 WL 802346, at *1 (Tex.App.--Houston [14 Dist.] Nov. 19, 1998, no pet.)(not designated for publication), the Houston Court of Appeals faced a comparable issue when an appellant argued that the trial court committed reversible error by allowing the prosecutor to give the jury panel an improper definition during voir dire:

> [W]e're talking about intoxication, which is a minor loss, *any loss* at all in fact of your mental facilities or your physical facilities. [Emphasis in original.]

*Id*. The court of appeals concluded that while the prosecutor's statement was not the exact legal

definition, it was not such a misstatement of the law as to require reversal. It was simply a different way to articulate the definition of intoxication. If an individual loses any part of his mental or physical facilities, arguably he does not have the normal use of those facilities. In so holding, the court rejected Downs' argument that the jury was allowed to convict based on a lower non-existent standard.

Here, the charge instructed the jury that a person is "intoxicated" when that person "does not have the normal use of physical or mental faculties by reason of the introduction of alcohol into the body." Even assuming that the slide misstated the law, the charge contained a correctly worded instruction on the law. *See* TEX.PEN.CODE ANN. § 49.01(2). Appellant offered no evidence that the jury did not understand or comply with those instructions. We overrule Issue One.

## IMPROPER CLOSING ARGUMENT

The State displayed the slide again during final arguments and Appellant objected unsuccessfully. The prosecutor continued his argument, pointing out that just because Appellant could do many things well, it did not mean he was not intoxicated.

> STATE: You know that he was driving perfectly fine except for speeding.
>
> And, remember, you can be slightly intoxicated and you can do many things well, but that doesn't mean just because you can do a lot of things well that you're not legally intoxicated, okay?
>
> .      .      .
>
> He could pick out a thousand things he did well, and that's all well and good, but that doesn't mean he's not intoxicated. He has lost the normal use of his mental and physical faculties.

### *Standard of Review*

There are four areas of proper jury argument: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to the argument of opposing counsel; and (4) pleas for law

enforcement. *Berry v. State*, 233 S.W.3d 847, 859 (Tex.Crim.App. 2007); *see Pineda*, 2 S.W.3d at 11. It is not is not error for the State to quote or paraphrase the jury charge, but it is error for the State to present a statement of the law contrary to that presented to the jury in the charge. *Orsag v. State*, 312 S.W.3d 105, 120 (Tex.App.--Houston [14th Dist.] 2010, pet. ref'd). To rise to the level of reversible error, jury argument must be extreme, manifestly improper, or inject new and harmful facts into evidence when viewed in the light of the record as a whole. *See Pineda,* 2 S.W.3d at 11.

*Analysis*

Assuming for purposes of argument that the State's slide misstated the law as Appellant contends, he must still show that the error affected his substantial rights. *Arnold v. State*, 234 S.W.3d 664, 674 (Tex.App.--Houston [14th Dist.] 2007, no pet.). A substantial right is affected when the improper jury argument has a substantial and injurious influence on the jury's verdict. *Id*. at 674. To determine whether an improper jury argument is harmful, we consider: (1) the severity of the misconduct or prejudicial effect; (2) any curative measures taken; and (3) the certainty of conviction or punishment assessed absent the misconduct. *Id*. Absent evidence to the contrary, we presume the jury followed the instructions set forth in the court's charge. *Hutch v. State*, 922 S.W.2d 166, 172 (Tex.Crim.App. 1996).

In a similar case, an appellant sought to overturn a jury conviction on a felony DWI charge by arguing, in part, that the prosecutor misstated the definition of "intoxicated" during his opening and closing statements. *See Orsag*, 312 S.W.3d at 108, 119. The prosecutor explained that "intoxicated" meant "any loss of mental or physical faculties . . . and that's what the State has to prove -- any loss, not drunk." *Id.* at 119. The jury charge tracked the statutory definition. *Id*. at 119-20. On appeal, Orsag complained that the prosecutor's statements affected his substantial rights because it allowed the jury to convict him based on an incorrect understanding of the law. *Id*. The

court disagreed, holding that while the State paraphrased loss of normal use as any loss of mental or physical faculties, the degree of the prejudicial effect, if any, was minimal. *Id*. There was evidence Orsag was intoxicated: (1) he smelled of alcohol; (2) he pulled over to the wrong side of the road; (3) he showed signs on all of the SFSTs; and (4) he refused a breath test. *Id*. at 121. The court also noted that the jury was correctly charged on the legal definition of intoxicated, and that Orsag provided no evidence that the jury disregarded that charge. *Id*. ("The mere assertion that the jury 'could' have been influenced does not rise to the level of evidence rebutting the presumption that the jury followed the charge.").

As in *Orsag*, there was testimony presented below as to Appellant's intoxication. Officer Flores smelled alcohol on Appellant's breath and person. Appellant showed several signs of intoxication on all three of the SFSTs and swayed slightly as he was talking to the officer. His eyes were red and glassy and declined to give a breath sample. Officer Bowden testified similarly. The trial court instructed the jury that it should base its decision on the facts before it and the law as presented in the charge and the charge followed the statutory definition for the term "intoxicated." *See* TEX.PEN.CODE ANN. § 49.01(2). We overrule Issue Two and affirm the judgment of the trial court.

August 31, 2011

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)